## PATIENCE MONTGOMERY *versus* JOHN B. DORION.

A deed, or power of attorney, for the conveyance of land, must be acknowledged, or proved in the manner prescribed by the statute, in order to entitle it to be recorded, and an office copy of such instrument not thus acknowledged or proved cannot be admitted in evidence.

But it is not necessary to the validity of a deed or power, as against a stranger to the title, that it should be acknowledged or recorded. As against such person, as well as against the grantor and his heirs, the original instrument may be introduced in evidence without acknowledgement or record.

The statute of enrolments was enacted for the protection of subsequent purchasers and creditors, and not for the benefit of wrong doers.

PETITION for partition. The petitioner alleged that she was seized of three undivided fourth parts of a certain tract of land in Haverhill, in this county, as tenant in common with the respondent, and prayed that partition might be made.

The petitioner attempted to derive her title from one Nicholas Dorion. She produced a power of attorney, signed by sundry persons who claimed to be heirs of three fourths of the estate of said Nicholas, dated September 24, 1827, authorizing one Isaac Winslow, to sell and convey their interest in any lands in New-Hampshire.

The power of attorney was not acknowledged in the mode prescribed by the statute of this state, but there was upon the back of it a certificate of a notary publick, that the power was executed in his presence and in the presence of the subscribing witnesses.

The power was executed in the Province of Canada, and the notary who gave the certificate resided there, but the power had been recorded in the office of the register of deeds in this county.

A deed was also produced, which was executed by the said Winslow, Nov. 20, 1828, and acknowledged and re-

corded, by which, as attorney of the said heirs, he con- <span>Montgomery<br>v.<br>Dorion.</span>
veyed to the petitioner three fourth parts of the land
described in the petition—and the question raised was,
whether, as against the respondent, any thing passed by
the deed executed by the said Winslow, as aforesaid,
the power of attorney not having been duly acknowl-
edged in the manner prescribed by the statute.

The respondent claimed the whole estate, but by
what title did not appear.

*Bartlett* and *Nelson*, for the petitioner.

*Bell*, for the respondent.

PARKER, J., delivered the opinion of the court. No
objection is made, in this case, to the form of the deed
itself under which the petitioner claims, or to its due au-
thentication, provided it appears that Winslow was duly
constituted the attorney of the grantors in that deed—
but it is contended, that there having been no acknowledg-
ment, of the power of attorney, under which he acted, by
the grantors, according to the provisions of our statute,
the case shows no sufficient authority in him to execute
the deed.

The statute of 1791, declaring the mode of conveyance
by deed, enacted, that when any deed of bargain and
sale, mortgage, &c. "shall be made by virtue of any pow-
er of attorney, or instrument authorizing any person to
execute such deed, or other conveyance, the said power
or instrument being recorded in the office where the
deed, made by virtue thereof, by law should be recorded,
such power having been signed, sealed and acknowl-
edged before a justice of the peace, by the party having
lawful right to make the same, a copy thereof from the
records shall be read in evidence, when the original can-
not be produced, in the same manner as the copy of the
deed made thereby is admitted in evidence."

This section provides in terms only for the use of a
copy of the power under certain circumstances, and
leaves the principles which govern the admission of the
power itself to be settled by the general rules of law.

The statute, however, indicates that powers of attorney were intended, by the legislature, to be placed upon the same ground as the deeds which might be made under them, and we entertain no doubt that the same principles in relation to their admission in evidence must govern both. 5 N. H. Rep. 428, *Southerin* v. *Mendum.*

It becomes necessary, then, to examine the provisions of the law in relation to the admission of deeds in evidence, and how far an acknowledgment is necessary to their validity.

The same statute of 1791, " enacted, that all deeds or other conveyances of any lands, tenements, or hereditaments, lying in this state, signed and sealed by the party granting the same, having good and lawful authority thereunto, and signed by two or more witnesses, and acknowledged by such grantor, or grantors, before a justice of the peace, and recorded at length in the registry of deeds in the county where such lands, &c. lie, shall be valid to pass the same without any other act or ceremony in law whatever—and no deed of bargain and sale, mortgage, &c. of any lands, &c. in this state, shall be good and effectual in law to hold such lands, &c. against any other person or persons but the grantor or grantors and their heirs only, unless the deed or deeds thereof be acknowledged and recorded in manner aforesaid."

The statute also provided that when any grantor or lessor shall go beyond sea, or be removed out of this state, or dead, before the deed or conveyance be acknowedged, as aforesaid, proof of the deed by a subscribing witness before any court of record in this state shall be equivalent to the grantor's acknowledgment thereof before a justice of the peace—and where the witnesses and grantor are dead, the proof of the hand writing of the grantor and the witnesses, by the oaths of two witnesses before a court of record within this state, shall be equivalent to an acknowledgment, provided it be made to appear to the court that the grantee had, in the life-

time of the grantor, taken actual possession, and that such actual possession had been quietly continued by the grantee, or some one claiming under him, up to the time of the application,

The statute further provided, " that if any grantor or lessor of any lands, &c. refuse to acknowledge any deed of bargain and sale, &c. by him or her signed, it shall be lawful for the grantee or lessee to put the same on record without any acknowledgment, and such deed so recorded in the registry of deeds, shall be deemed sufficient caution to all persons against purchasing, attaching, or levying execution on the same land for the space of sixty days from the time of recording, and shall, during that time, be good and effectual in law, to all intents and purposes, as though such deed or other conveyance were duly acknowledged." And provision is then made for a mode of proof in such case of refusal.

The revised statute of 1829, contains, so far as the subject matter of this controversy is concerned, provisions somewhat similar to those before cited.

It is clear that the notarial certificate in this case is not a certificate of an acknowledgment, such as the statute required in order to entitle a deed to be recorded in the registry of deeds. The certificate also falls far short of the proof which the statute authorized in certain cases as equivalent to an acknowledgment, and there is no principle upon which a copy of this power from the records can be admitted in evidence.

But it does not, therefore, follow, that the original may not be produced and proved

The question then arises, how far an acknowledgment is necessary to the validity of a deed, so that it may operate as a conveyance of the land granted by it.

That acknowledgment and recording are not deemed essential to the validity of a deed in all cases, is evident from the fact, that by direct implication from the language of the statute, neither of them are essential as

against the grantor and his heirs. And the reason is, because the grantor must have knowledge of the deed executed by himself, and the statute intended that this knowledge should bind his heirs who ought to be in no better situation than their ancestor. 4 Mass. Rep. 546, *Pidge* v. *Tyler.*

So where a third person, with knowledge that a deed of land has been executed, although not recorded, purchases the land and puts his deed on record, it has been repeatedly held, both here and elsewhere, that such unrecorded deed is valid as against him. 1 N. H. Rep. 11; 4 Mass. Rep. 546, 637; 6 ditto, 24, 487, 10 ditto, 60; 14 ditto, 300; 9 Johns, 163; 10 ditto, 457; 4 Wendell, 585; 4 Greenleaf, 20.

The true object of the statute of enrolments is, to give notice so that subsequent purchasers and creditors may not be deceived respecting the title, and that such is the object is further shown by the provision for recording, where the grantor refuses to acknowledge, until time can be given to prove the deed in the manner prescribed by the statute.

The object of the statute in requiring the acknowledgment, is to give such authenticity to the deed that it may be put upon record. 4 Mass. Rep. 544; 6 ditto, 30, *Marshall* v. *Fisk.* This is evident from those portions of the statute before cited regulating the proof where the grantor is dead, or removed, or refuses to acknowledge.

If executed with the formalities prescribed by the statute, it is not the less his deed because he has removed without acknowledgement, or refuses to acknowledge. It is still good and valid against him, and against his heirs.

But it cannot be recorded until acknowledged, or proved in the manner set forth in the statute, except in the case there provided for, and thus has no validity against subsequent purchasers or creditors without notice; but

if they have notice it is valid against them as well as against the grantor.

The provisions of the statute, then, respecting both acknowledgement and record, were, in our view, intended to protect creditors and subsequent purchasers without notice. 10 Johns, Rep. 466, *Jackson* v. *Fosdick* ; 2. Conn. Rep. 108, opinions of Swift, Ch. J. and Goddard, Hosmer & Gould, Justices ; 9 Cowen, 120, *Jackson* v. *Post* ; and the validity of this deed, as against the respondent, John B. Dorion, will depend upon the fact, whether he stands in either of these characters, in relation to the title set up by the petitioner to the premises in question.

If he does, as the power of attorney was not authenticated in such a manner as to entitle it to be recorded, the record of it was a nullity, and gave him no constructive notice. 2 Binn, 40, *Heister* v. *Fortner* ; 1 Johns, Ch. Rep. 300, *Frost* v. *Beekman* ; 5 Mason, 265, *McNiel* v. *Magee* ; 8 Conn. Rep. 550, *Carter* v. *Champion* ; and as there is nothing in the case to show actual notice, the power of attorney, and, of course, the deed made under it, are, as to him, invalid.

But if the respondent's title is not derived in either of these modes from the same source with that of the petitioner—if, in truth, he is a mere wrong doer, he cannot object to the want of acknowledgement or of record.

The power and deed were sufficiently executed to pass the land, as between the parties to that conveyance, and with the questions, whether sufficiently authenticated to entitle them to be recorded, and whether recorded, or not, an entire stranger to the title under which the petitioner claims has no concern. He is not entitled to any notice, nor was the statute intended to provide a notice to him of a transaction in which he had no interest. He must stand or fall upon the merits of his own claim, and the merits of the title arrayed against him, and not upon any question whether he had, or had not, notice of the conveyance, when it appears that the actu-

al conveyance was sufficient to pass the land, as between the parties to that title. If he holds under a better title than that under which the petitioner claims, he will prevail on the merits. If he is a mere trespasser, the petitioner having duly acquired the title of her grantors, has the same right to recover against him which they would have had but for the conveyance to her.

We are all of opinion, therefore, that the power and deed under it, are sufficient as the case stands, and there must be a further enquiry as to the title of the respondent.