#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF STRAFFORD, DECEMBER TERM,

#### A. D. 1837.

---

## ODIORNE *vs.* MASON.

Since the statute of December 7, 1816, it has been immaterial at what time executions extended upon real estate were returned to the office of the clerk of the court, so far as respects the validity of the extent. It is enough if the execution be returned at any time before copies are wanted to prove the extent.

An appraiser may be chosen for a creditor by an agent, and the sheriff's return is evidence of the agency; and if the creditor adopt the extent by any act, this is conclusive evidence of the agency.

An extent is not void because the sheriff charged as fees a sum paid to the creditor for receiving possession, although such charge is illegal.

A deed not recorded is valid against every body except creditors and purchasers who have subsequently derived a title from the grantor.

The taking of the acknowledgment of a deed is a ministerial act, which may be done by a justice of the peace, when not within his county.

THIS was a writ of entry, brought to recover a tract of land in Sandwich, and was tried upon the general issue at August term, 1837.

It was admitted that tenant was once lawfully seized of the demanded premises.

And it appeared that one Jacob Marston, having at the court of common pleas holden in the county of Merrimack on the first Tuesday of April, 1828, recovered a judgment against the tenant, and sued out execution, caused his execution to be extended upon the demanded premises on the 30th April, 1829. And the execution and extent were recorded in the register's office in this county, on the 31st of August,

in the same year. The execution was afterwards returned to the office of the clerk of the court of common pleas in the county of Merrimack, but no evidence was offered to prove that it was duly returned there on the return day. The evidence offered to prove the extent was copies from the files of the clerk.

A part of the sheriff's return of the extent was as follows: " In pursuance of the directions of Nicholas G. Norris, ' agent of the creditor within named, I have extended this ' execution upon the land above described, in the manner ' following, to wit. : I caused three appraisers to be chosen, ' that is to say, Benjamin Jewett, by the creditor's agent," &c.

Among the other charges and expenses attending the extent, the sheriff returned: *"paid the creditor for taking possession,* $1 *:"* and the land was set off in satisfaction of this sum among the other charges.

It further appeared, that Jacob Marston conveyed the land in dispute to the demandant, by a deed dated December 19, 1833. This deed was acknowledged before a justice of the peace of this county ; but although the acknowledgment on the deed purported to be taken within this county, it was in fact taken at Freeport, in the state of Maine.

A verdict was taken for the demandant, subject to the opinion of the court upon the above case.

*Emerson,* for the tenant, contended that the evidence was insufficient to show that anything passed by the extent, because it did not appear that the execution and extent were returned to the office of the clerk of the common pleas at any time during the term when the execution was returnable ; nor that the extent had ever been recorded there.

The statute of February 15, 1791, enacts that " all executions duly served upon any lands and tenements, being returned into the clerk's office of the court out of which the same issued, and there recorded, shall make a good title."

And the statute of November 5, 1813, enacts "that all executions that shall be served and satisfied, in whole or in part, by being levied on any real estate, the creditor therein mentioned shall cause the same to be entered and recorded at length, with the return, in the registry or records of deeds, in the same county in which such real estate shall lie. And the original execution shall be afterwards returned into the office from whence it issued."

Under these statutes the extent in this case was made; and the proper evidence to show a legal extent is a copy of the record in the clerk's office, and not a copy of the extent and execution from the files of the clerk of the court. And it is a valid objection to the verdict in this case, that the extent does not appear to have been proved by competent testimony.

It does not appear when the execution was returned into the clerk's office. It ought to have been shown that it was returned there on the return day, or at least during the term when it was returnable. 1 *N. H. R.* 371, *Sullivan* vs. *McKean;* 4 *Mass. R.* 402, *Ladd* vs. *Blunt;* 14 *do.* 378, *Gooch* vs. *Atkins;* 6 *N. H. R.* 514, *Rand* vs. *Hadlock.*

The creditor did not choose an appraiser, as the statute directs. The return says that one of the appraisers was chosen by the creditor's agent. But admitting that the creditor may legally appoint an appraiser, by his agent or attorney, the sheriff's return is not evidence of the agency. The sheriff is not to say who is agent. He is to return his doings, and not his opinions.

The extent is void for another reason. The sum charged by the sheriff, as paid to the creditor for taking possession, is an illegal charge. The law allows the creditor nothing for taking possession; and as the land of the tenant has been appraised and set off in satisfaction of that charge, among others, it is clear that the estate has been taken for a purpose not warranted by the statute. This case is distinguishable from *Burnham* vs. *Aiken*, 6 *N. H. R.* 306.

Odiorne
*vs.*
Mason.

In that case, the creditor had nothing to do with the illegal charge.   In this case it is made for his benefit.

 · The demandant has shown no legal title to the land he demands in his writ.   The deed under which he claims has never been legally acknowledged or recorded.   The magistrate who took the acknowledgment had no authority to act out of his county ; and the statute expressly provides that an unrecorded deed shall not be effectual in law to hold the land against any other person or persons but the grantor, or grantors, and their heirs only.

*Christie,* for the demandant.   As it was the duty of the officer to return the execution in due season ; and inasmuch as the execution and return are now found on the files of the clerk, the presumption is that the officer did his duty, and that the execution was duly returned.

But however this may be, it was not necessary that the execution should have been returned to the clerk's office at the term when it was returnable.   It was enough if returned at any time before the trial.   3 *Pick.* 331, *Prescott* vs. *Pettie ;* 5 *Green.* 197, *Emerson* vs. *Towle ;* 2 *Mason* 71, *United States* vs. *Slade.*

The appointment of an appraiser by the creditor's agent was an appointment by the creditor within the meaning of the statute ; and the sheriff's return was sufficient evidence of the agency.   It was not necessary that the agent should be constituted such by deed.   A previous request, or any subsequent adoption of the acts of the agent, would be enough to bind the creditor.   Nothing has been more common in this state than the choice of an appraiser for the creditor, by an attorney or agent.   And in Massachusetts such a choice has been settled to be legal, and the officer's return evidence of the agency.   8 *Mass. R.* 113, *Herring* vs. *Polly ;* 13 *do.* 364, *Pratt* vs. *Putnam.*

It is contended, that the extent is void, because the land was set off in satisfaction of an illegal charge, among

other things. The statute provides that the appraisers shall appraise the land shown to them, to satisfy the execution and officer's fees. All the charges of the levy are embraced under the term, *"officer's fees."* It is the duty of the officer who makes an extent, to do or cause to be done, all that is necessary to give the creditor a title. What he cannot do himself in person, he must procure to be done by others, and pay them reasonably for their services; and the sums so paid may be considered as fees within the intent of the statute, which may be satisfied legally by the extent. The sum paid the creditor was a proper charge. But admitting this charge to have been illegal, it does not affect the validity of the extent. This we consider as settled by the cases of *Burnham* vs. *Aiken*, 6 *N. H. R.* 306; *Sturtevant* vs. *Frothingham*, 1 *Fairfield* 100.

The circumstance that the sum illegally charged was paid to the creditor, is immaterial. An extent may be made to satisfy an illegal charge made for the benefit of the creditor, as well as any other illegal charge.

As to the objection to the deed under which the demandant claims to hold the land, that it has not been duly acknowledged or recorded, we have only to remark, that the case of *Montgomery* vs. *Dorion*, 6 *N. H. R.* 250, shows that no acknowledgment or recording of the deed was necessary in this case to pass the title. It is, therefore, immaterial whether the deed was duly acknowledged or not.

RICHARDSON, C. J., delivered the opinion of the court.

It is insisted, in this case, that nothing passed by the extent under which the demandant claims, because the execution was not duly returned at the term when it was returnable, or at least it does not appear to have been so returned; and that if any thing did pass, a copy of the record of the extent in the clerk's office was the only admissible evidence to prove an extent.

However well founded these objections might have been

to extents made while the statutes of February 15, 1791, and November 5, 1813, which have been cited by the tenant's counsel, remained unaltered, the court is of opinion that they are altogether unfounded with respect to extents made since the statute of December 7, 1816. That statute enacts, " that from and after the passing of this act, when-' ever any execution shall be served and satisfied in whole ' or in part by being levied on real estate, it shall not be ne-' cessary to record the same or the return thereon in the ' clerk's office from which it issued." Since this statute there has been no other record of an extent in the clerk's office than the execution and return thereon on file ; and it has been decided that a copy of these is the proper evidence to prove an extent. 6 *N. H. R.* 514, *Rand* vs. *Hadlock.*

Indeed, it was decided in the last mentioned case, that copies of the execution and return, attested by the clerk, were the only evidence admissible to prove an extent, unless these had been lost after the return. As soon as the execution and return are recorded in the office of the register of deeds, the extent may be considered as complete. But the proper evidence of an extent is copies of the execution and return on file in the clerk's office. It is immaterial when the execution is returned to the clerk's office. It is enough if it be returned at any time before copies are wanted to prove the extent. The court is, therefore, of opinion that these objections to the extent cannot prevail.

It is further objected, that the extent is void, because it does not appear that the person by whom an appraiser was chosen for the creditor had authority to make the choice. But this objection is not well founded in fact. The sheriff's return is at least *prima facie* evidence that the person who made the choice was the agent of the creditor. And since the creditor has adopted the extent and conveyed the land, this is conclusive evidence that the appraiser was chosen by his agent. These acts made him agent, if he were not so before. The court is, therefore, of opinion that this exception cannot prevail.

Another exception taken to the extent is, that the land was set off in satisfaction of an illegal charge, among other things. It was decided, in the case of *Burnham* vs. *Aiken,* which has been cited by counsel, that an illegal charge made for the benefit of the sheriff himself did not avoid the extent. There was supposed to be no necessity that could render it fit and proper to hold the extent void on that account, and leave the innocent creditor to seek redress by action against the sheriff. In this case, the illegal charge was made for the benefit of the creditor. But the land has now passed into the hands of an innocent purchaser, who seems as well entitled to have the debtor left to seek his remedy against the sheriff as the creditor had in the case of *Burnham* vs. *Aiken.* Illegal charges have been much too common in extents. And if it should now be decided that this circumstance rendered them void, great uncertainty as to the validity of titles to real estate resting on extents, must inevitably be the consequence, and great mischief ensue to creditors and innocent purchasers. The court is, therefore, of opinion that illegal fees do not in any case render an extent void, but the debtor is to be left to his remedy against the sheriff, who is responsible for any illegal charges he makes in such cases.

It has been insisted, in this case, that nothing passed by the deed of Marston to the demandant, because it was not legally acknowledged, and so not duly recorded.

But to this objection there are two answers.

In the first place, the taking of the acknowledgment of the deed was a mere ministerial act, that might be as well done by the justice out of his county as within it. The place where it was taken is wholly immaterial, and the deed is to be considered as duly acknowledged. 3 *Pick. R.* 404, *Haskell* vs. *Haven; Comyn's Digest,* " Justices of the Peace," B, 1; *Cro. Car.* 213.

In the next place, as between these parties it is altogether immaterial whether the deed were duly recorded or not.

The object of the statute which requires deeds in certain cases to be recorded, was to give notice to, and protect creditors and purchasers who might subsequently derive a title from the grantor. With respect to all other persons the recording of the deed is immaterial. This tenant does not stand in the relation of a creditor or subsequent purchaser, and it is no concern of his whether the deed be duly recorded or not. He has no title whatever derived from Marston that can be affected in any way by that deed. 6 *N. H. R.* 255.

This objection must be overruled, and the result is, that there must be

*Judgment on the verdict.*