## WARK *vs.* WILLARD.

It is a well settled, general principle of law, that if one having no title to land, convey the same with warranty, and afterwards acquire a title, and convey to another grantee, the second grantee is estopped to aver that the grantor was not seized at the time of his conveyance to his first grantee.

The acknowledgment of a deed of conveyance of land in this state, by the grantor, is not essential to its validity, as against the grantor and his heirs, or as against any other person having knowledge of its existence.

The office of the acknowledgment of a deed, is to verify its execution, so far forth as to entitle it to be recorded in the registry of deeds, and thereby to render the record proper and legal notice of its existence.

Accordingly, where one F., having no title to the land, conveyed the same in fee and in mortgage to Willard, by a deed with a general covenant of warranty, which was not acknowledged, and F. afterwards acquired the title to the land from H., and at the same time made a conveyance in fee and in mortgage to Wark, who at the same time was informed of the prior deed to Willard, it was *held*, that the conveyance from H. to F. enured to the benefit of Willard, and that Wark was estopped to deny that F. was seized of the land at the time of his conveyance to Willard.

F. held the bond of H. for the conveyance of land, which H. conveyed to F. in pursuance thereof, and at the time of the conveyance to F., W. advanced the money to pay the sum due under the bond for the land, and thereupon at the time received the note of F. for the sum advanced, and a mortgage of the land from F. to secure the payment of the note.—*Held*, that F. could not be regarded in this transaction as the mere instrument of conveyance, or as the trustee of W.

WRIT OF ENTRY, wherein the plaintiff demanded a tract of land in Marlborough, in this county, lying on the west side of the old turnpike road, bounded, &c., and counted upon his own seizin within twenty years, and a disseizin by the defendant.

The defendant pleaded the general issue.

The plaintiff, in support of his action, offered in evidence a mortgage deed from one Thomas Frink to himself, dated December 20, 1836, and acknowledged and recorded the same day, in common form, with warranty, conveying the premises to secure a note of $86.70 ; and it was admitted that he entered into the premises, the condition being broken on the 23d of March, 1841.

The defendant relied upon a mortgage from said Frink to himself, dated March 28, 1836, and recorded September 3, 1836, but which did not appear to have been acknowledged until August 5, 1838.   The mortgage, after describing a lot of land lying on the east side of the road deeded to Frink by J. T. Hale, contained the following clause, viz : " also the barn and lot on the other side of the road."   This mortgage was in common form, with warranty, to secure a note of $200.

The plaintiff objected, that it contained no sufficient description of the premises; but it appearing that the demanded premises were at the time in the possession of said Frink, enclosed by a fence, and lying opposite to the other lot described in the mortgage, and that there was a barn thereon, and said Frink testifying that the lot on which the barn stood was the same described in the declaration, the court overruled the objection.

It appeared farther, that prior to the execution of the mort-

gage, the lot in question belonged to one Jeremiah Herrick, who made a bargain to sell it to one Joseph Wilson for about $35, and Wilson went into possession, fenced it, and erected the barn upon it. After this, by an agreement between Wilson, Frink and Herrick, Wilson sold his interest to Frink, who paid him $75 for the barn, and Frink gave his note to Herrick for the price of the land, and also for a note Herrick held against Wilson, amounting in the whole to $74 and some cents, and took from Herrick a bond for a deed, on the payment of the notes.

The bond by its terms expired in June, 1836; but Herrick, after the first note became due, on an enquiry from Frink if he wanted his pay, said to him that he could do without it, and if it would accommodate him he could wait, and Frink continued in the occupation of the land. When the defendant took his mortgage, in March, 1836, Frink told him that he had no deed of this lot. The defendant enquired if he had not a bond for a deed, and was told that he had, from Herrick. On the 20th of December, 1836, the plaintiff gave his note to Herrick for the amount of Frink's notes. Herrick conveyed the land to Frink, and Frink at the same time made the mortgage to the plaintiff, and Frink had previously informed the plaintiff that the premises were included in the mortgage to the defendant.

At the time of the conveyance, Herrick told the plaintiff that he thought the bond was inoperative, but the amount was cast and the conveyance made according to the bond, and as if it was in force, and the bond was given up.

The defendant entered into possession March 25, 1840. A verdict was taken for the plaintiff, by consent, subject to the opinion of this court upon the foregoing case; judgment to be entered on the verdict, or for the defendant, according to the opinion of the court.

*Hubbard*, (with whom was *Putnam*) for the demandant. This case, equitably considered, is in favor of the demandant.

The demandant paid every dollar of the purchase money for the land to Herrick. Frink was a mere instrument, to receive a deed and pass the title to the demandant.

The deed from Frink to the tenant was not acknowledged, and so there was no notice on record to the demandant of its existence. This is clearly so, by the act of June 29, 1829, declaring the mode of conveyance by deed in this state. 1 *N. H. Laws* 533.

*Handerson,* for the tenant. Both parties claim by deeds from Thomas Frink. The demandant's title is a mortgage deed. The tenant's title is also a mortgage deed, but was not recorded until after the date and record of the demandant's deed.

But the deed of the tenant, although not acknowledged, was a valid conveyance from the time of its delivery, as between Frink and the tenant, and is equally valid against all persons having knowledge of its existence. And it is in evidence that the demandant knew of this deed when he took his mortgage. He therefore took it subject to the tenant's title.

When the tenant took his mortgage from Frink, Frink had no title. He had only a contract for a title, on payment of a certain sum. No title, therefore, passed to Willard when he took his deed. But our position is, that when Frink took his deed from Herrick, Dec. 20, 1836, the title vested in Willard the moment he took his deed, and this by estoppel. Any conveyance which Frink could make, after he had conveyed to Willard, could avail nothing to his grantee against Willard. The doctrine of estoppel, as applicable to this case, is fully considered in 3 *Pick.* 52 ; *Greenl. Ev.* 27, and *Carver* vs. *Jackson,* 4 *Peters* 83.

The estoppel not only binds the parties, but all privies in estate ; not only Frink, but the demandant, his grantee. It was said on the trial, that as Frink conveyed to the plaintiff at the same time he took his deed from Herrick, the title re-

mained in Frink but for a moment, and this instantaneous seizin would not enure to the benefit of Willard. I do not see the force of this objection, as applied to this case. In claims for dower, I am aware that it is held that an instantaneous seizin of the husband does not entitle the wife to dower. But how does that rule apply here? If the seizin, or title, remained long enough in Frink to enable him, under ordinary circumstances, to convey a title to Wark, how much longer must it remain in him to pass the title to Willard? If it is long enough for one purpose, so it is for the other. The law, as I understand it, is, that the moment Frink obtained his title, it passed immediately to the defendant, by virtue of the prior deed to him.

To give effect to the plaintiff's title, it must appear that *he* bought the land of Herrick, and paid him for it, and that Frink was merely the instrument of conveyance from Herrick to Wark. In that case, Frink would take the title in trust for the plaintiff; and if he had not ever given the demandant a deed, the law of uses and trusts would, I apprehend, vest the title in the demandant.

But the transaction was not so. Although the right to a title, by virtue of the bond, was lost, yet by agreement it was continued in force, and on payment of the amount due from Frink to Herrick, the latter was willing to convey.— Frink considered the land worth more than he owed Herrick, and promised the demandant to pay this debt, and, on receiving a deed from Herrick, gave the demandant his note for the amount so paid, and gave the mortgage under which the demandant claims, to secure payment of this note. Whether this is to be considered a loan of so much money by the demandant to Frink, or a payment of so much in discharge of the debt he owed Herrick, is immaterial. It is certain the demandant did not take his title from Herrick. If he had purchased of Herrick, his deed should have been absolute from him, and not a mortgage from Frink to secure payment of what he had paid for him. Why did Wark enter

into this transaction ? Why loan this money to Frink, and attempt to get security on the land, knowing as he did that the defendant had a deed from Frink of this same land, intended to secure him for money he had long before lent Frink ? He took his mortgage knowing all this. It would seem in principle very much like the case where one makes a purchase, knowing of a former conveyance not recorded, and should be held fraudulent as to such prior conveyance.

*Edwards*, upon the same side. The case *Kimball* vs. *Blaisdell*, 5 *N. H. Rep.* 533, shows that the title in this case, upon the conveyance to Frink, passed to Willard, his first grantee. Frink acquired his title to the land in pursuance of the bond, on payment of the stipulated sum. Frink had an interest in the land. He purchased and paid Herrick for the land, and took his conveyance.

Woods, J. It appears from the case that Jeremiah Herrick, on the 28th day of March, 1836, was seized in fee of the premises demanded in this action, and on the same 28th day of March, Thomas Frink executed to the tenant a deed of mortgage of the same land, with warranty, to secure the payment of his note to the tenant. On the 20th day of December, 1836, said Thomas Frink also executed a deed of mortgage of the demanded premises to the demandant, and at the same time Herrick, who held the title, executed a deed of conveyance of it to Frink, in pursuance of his bond previously given to execute said deed of conveyance. · At the time of the execution of the deed of mortgage from Frink to the demandant, the demandant had knowledge of the execution of the aforesaid deed of Frink to the tenant. The demandant, then, stands charged with actual notice of the prior mortgage to the tenant at the time when he took his deed of mortgage from Frink.

The first and most important question which is raised by the facts of this case is, what was the operation of the deed of Herrick to Frink, and to whose benefit did it enure ?

It is a principle of law, not now open to doubt, that ordinarily, if one who has no title to lands, nevertheless make a deed of conveyance thereof with warranty, and afterwards himself purchases and receives the title, the same will vest immediately in his grantee who holds his deed with warranty, as against such grantor, by estoppel. In such case the estoppel is holden to bind the land, and to create an estate and interest in it. The grantor in such case, being at the same time the warrantor of the title which he has chosen to assume the right to convey, will not in a court of justice be heard to set up a title in himself against his own prior grant —he will not be heard to say that he had not the title at the date of his conveyance, or that it did not pass to his grantee in virtue of his deed. *Somes* vs. *Skinner*, 3 *Pick.* 52 ; *Jackson* vs. *Stevens*, 16 *Johns. R.* 110, and *Kimball* vs. *Blaisdell*, 5 *N. H. Rep.* 533, are cases fully sustaining this view of the doctrine of estoppel as against the grantor with warranty. And the doctrine is equally well settled, that the estoppel binds not only the parties, but all privies in estate, privies in blood, and privies in law. 5 *N. H. Rep.* 533, *and the auth. there cited ; Trevivan* vs. *Lawrence & al.*, 1 *Salk.* 276 ; *Fairbanks & al.* vs. *Williamson*, 7 *Greenl. R.* 96 ; *White* vs. *Patten*, 24 *Pick.* 324 ; *Co. Litt.* 352, *a.* The deed of conveyance, then, of Herrick to Frink, immediately upon its execution operated a conveyance of the land in controversy to the tenant, by way of estoppel, in virtue of the deed and of the covenant of warranty in the deed of Frink to the tenant, both as against Frink and the demandant. The conveyance of the title by the deed of Herrick to Frink, after the execution of the mortgage of Frink to the tenant, turned the estoppel, which bound Frink, the warrantor, and his heirs and assigns, into a good estate in fee and in mortgage, so that by operation of law the same interest and estate vested in the tenant as if the estate had been conveyed to Frink before his conveyance to the tenant. At least, such must be the legitimate operation of the rule of

law under consideration, upon the rights and interests of the parties in this controversy, unless the circumstances of this case form an exception to the general rule, or forbid its application.

It has been urged, on the part of the demandant, that he paid for the land, and therefore has at least the superior equitable claim to hold the land as against the tenant, and, moreover, that Frink was a mere instrument of conveyance in the transaction. But the demandant, upon the facts of this case, is not entitled to be regarded as having purchased and paid for the land. The case shows nothing more than an advance of money by him, and the taking of security for the same by way of mortgage. This we think is the true construction of the transaction, as found by the case. The title by the deed from Herrick was not designed to pass to Frink in trust for the demandant. Frink was not designed to be a mere instrument of conveyance to the demandant, and as against him he in fact received a perfect title, which, for aught that appears, he might have retained. Frink did not receive the title from Herrick upon any agreement to hold it in trust for the demandant, nor did the circumstances attending the conveyance create any such trust.

The tenant's mortgage was of a date prior to that of the demandant, and was given to secure a just debt due to him; and the demandant had full knowledge of the existence of that mortgage at the time when he made the advance of his money, and took the security by way of mortgage. It therefore hardly seems to us, that it lies well with the demandant to say, that he has the superior equity in the case.

Perhaps if the purchase had in fact been made by the demandant, and the consideration had been paid by him, those facts might have distinguished the case from those in which the doctrine of estoppel has been applied. The doctrine of estoppel is based entirely on equitable considerations, and was adopted with a view to the promotion of the ends of justice. If the reason for the application of the principle

should plainly fail in a particular case ; if plain injustice would be the result of its application, I am not prepared to say that the court would in any such case feel obliged to apply the rule in manifest violation of the purposes of its adoption. In the adoption and application of the doctrine of estoppel, it is manifest that courts have looked beyond the mere forms of conveyance, sought for substantial justice and the means of its promotion, and in a large class of cases found those means in the very convenient principle of estoppel. I am not aware that the principle of estoppel has ever been applied in a case in which the estoppel has been set up in virtue of a conveyance with warranty of him who afterwards received only a trust estate in the land attempted to be conveyed by him. In such case, there would clearly be wanting the great principle of equity, which so manifestly lies at the foundation of the doctrine of estoppel; and I think the court would struggle hard against the application of the principle in a case in which such clear injustice would be the result.

And, indeed, in the case of *Runlet* vs. *Otis, 2 N. H. Rep.* 167, where D. conveyed land to L., merely for the purpose of enabling L. to convey the same land to O., who had purchased and paid D. for the land, and L. did at the same time execute a conveyance of the land to O., it was decided that the conveyance from D. to L. could not enure to the benefit of persons claiming the land under a mortgage of prior date from L. to them. The language employed by Mr. Ch. Jus. Richardson, in pronouncing the judgment of the court in that case, was thus: " As the tenant paid Durrell the amount due to him, and Durrell conveyed to Samuel Langley merely to enable him to convey to the tenant, Samuel Langley must be considered merely as an instrument, and a conveyance to him as such cannot enure to the benefit of these demandants. Those conveyances were in no wise prejudicial to the demandants," the mortgagees. It is plain that in that case the judgment of the court was influenced, and perhaps it may be said with propriety, was wholly governed by the

equitable considerations arising upon the facts of the case. Langley was regarded as a mere instrument of conveyance, and was neither invested nor intended to be invested with any interest in the land, beyond a mere power or right to convey the title to Otis.

The equitable ground, however, distinguishing this from the ordinary case, upon which the learned counsel for the demandant urged a recovery, if it might avail his client, is not found by us, as already suggested, upon this case ; and for that reason it becomes unnecessary to express any definite opinion upon the ground of distinction suggested.

. The objection taken at the trial, for the alleged insufficiency of the description of the land in the deed of Frink to the tenant, has not been urged in argument at this time, and if it had been insisted upon, could not have been sustained. The language of the deed was sufficiently descriptive of the land intended to be conveyed.

The want of an acknowledgment of the deed of Frink to the tenant can form no objection to its validity as against this demandant. He, at the time of receiving his deed from Frink, had actual notice of the existence of Frink's deed to the tenant ; and by reason of that fact, under the other circumstances of the case, this objection cannot prevail, and the title of the demandant is postponed to that of the tenant. It is well settled, that an acknowledgment is in no wise essential to the validity of a deed, as against the grantor and his heirs who are chargeable with the knowledge of the existence of the deed, nor as against any other person with notice of the deed. The whole office of an acknowledgment is the verification of the due execution of the deed, so far forth as to authorize its record in the registry of deeds, and to render the record so far authentic as to be effective as a proper and legal notice of the existence of the deed. *Montgomery* vs. *Dorion*, 6 *N. H. Rep.* 250, *and authorities there cited.*

Upon the whole, we see no ground upon which the demandant's action can be maintained.

According to the provisions of the case, therefore, the judgment of the court is, that the

> *Verdict must be set aside, and judgment be entered for the tenant.*