## French *vs.* Eaton.

An extent of an execution upon land will be void if the land be levied upon to satisfy interest upon the judgment.

In a petition for partition, where the title of the petitioner is by the levy of an execution, the petitioner may except to the levy that it was made in satisfaction of the interest upon the judgment.

Petition for Partition. The petitioner claimed three un-

divided fortieth parts of the northerly half of lot number 29, in Candia.

The defendant pleaded that he was sole seized of the premises.

The other defendants were defaulted.

The title of the petitioner was by virtue of the extent of an execution issued upon a judgment recovered at the September term, 1840, of the court of common pleas for this county, in favor of the petitioner against Luke Eaton, a brother of the defendant, and one of the sons and heirs at law of Paul Eaton, deceased.

The petitioner offered evidence tending to show that in the year 1814 Paul Eaton was in possession of lot number 29, and that he cleared a portion of it, fenced it, and sowed it with rye.

The defendant offered evidence tending to show that he had acquired a title to the land. This title was by adverse possession for the period of twenty years, of the northerly half of the lot, and by conveyance from his father, Paul Eaton, of the southerly half of the lot, which deed was dated on the 7th day of July, 1807, and recorded on the 6th day of December, 1842.

A witness for the petitioner testified that about the year 1816 the defendant told him that his father, Paul Eaton, bought the whole lot, and gave him a deed of the south half of it.

The defendant objected to this evidence, but it was admitted by the court. The plaintiff offered this evidence to show that the defendant did not then claim title or possession to the north half of the lot, but admitted the title to be in Paul Eaton. Paul Eaton left three children surviving him, the defendant, Luke Eaton, under whom the petitioner claims, and Lydia, who married Josiah French. He had two other children, who died before him, and who left children.

The petitioner offered Josiah French as a witness, who was objected to by the defendant as interested in the event of this suit, but the objection was overruled by the court, and the witness admitted.

The defendant excepted to the extent of the execution under which the petitioner claims, because the sum at which the land was appraised embraces $9.26, interest on the judgment from

the rendition thereof to the date of the levy, and the land was set off to satisfy the interest as well as the debt and costs ; but the extent was admitted by the court, subject to this exception.

The jury returned a verdict for the petitioner, which the defendant moved to set aside.

*Pillsbury*, for the defendant. Illegal fees do not render an extent void, but land cannot be set off to pay the interest on the debt. The land in this case is certainly set off to pay something more than the amount of the execution and the fees. 2 *N. H. Rep.* 169 ; 6 *Ibid.* 306 ; 7 *Ibid.* 513 ; 9 *Ibid.* 24 ; 13 *Mass.* 56. These authorities show that interest cannot be collected by an execution, and that an extent can be made for nothing more than the sums mentioned in the execution and the fees of the officer.

We may avail ourselves of any defect in the levy. The issue was on the seizin of the petitioner, and of course he must prove his seizin. He claims under a statutory title, and must show that all the statutory provisions have been complied with. 13 *Mass.* 483 ; 14 *Mass.* 404. The question of title is raised by this proceeding, as well as in a writ of entry. 8 *N. H. Rep.* 193.

*H. F. French*, for the petitioner. The payment of interest on a judgment cannot be coerced by an execution, but it may be collected by an action of debt on a judgment. *Hodgdon* vs. *Hodgdon*, 2 *N. H. Rep.* 171 ; *Rogers* vs. *McDearmid*, 7 *N. H. Rep.* 513 ; *Watson* vs. *Fuller*, 6 *Johns.* 283. Where land was appraised at $50.83, and was set off to satisfy an execution for only $47.83, the extent was held void. *Pickett* vs. *Breckenridge*, 22 *Pick.* 297. In *Spencer* vs. *Champion*, 9 *Conn.* 537, where land was appraised at $133.44, and the amount of the execution was $134.30, it was held a good extent, on the principle *de minimis non curat lex*. But it has been uniformly held that an extent for illegal fees does not vitiate the proceedings. *Burnham* vs. *Aiken*, 6 *N. H. Rep.* 306 ; *Holmes* vs. *Hall*, 4 *Met.* 419 ; *Sturdivant* vs. *Frothingham*, 1 *Fairf.* 100. So where the sheriff charged a sum paid the creditor for taking possession,

it was held not to affect the extent. *Odiorne* vs. *Mason*, 9 *N. H. Rep*. 30. It is somewhat difficult to reconcile the decisions in the foregoing cases on legal principles. In the 22 *Pick*. 297, it is said, " the officer has taken more land than he had a right to take, and *therefore* the extent is void." But there is the same objection in the case of illegal fees. There, the officer has taken more land than he has a right to take, and yet the extent is good, and why ?

The only reasons given in *Burnham* vs. *Aiken* and *Holmes* vs. *Hall*, are that the debtor had a remedy against the officer, and the creditor was not to blame and should not suffer. In the latter case it is said that the effect of holding the levy void will be to punish the creditor when the officer's illegal acts were wholly for his own benefit, and the creditor could not control him. But in *Odiorne* vs. *Mason*, 9 *N. H. Rep*. 30, the court seems to dispense with the latter reason, and the distinction between an extent for more than the whole amount, by mistake, and an extent for illegal fees, the first of which is void and the last good, rests solely on the fact that in the former case the debtor has a remedy, and in the latter case he has none, for the excess. The distinction cannot be that the officer does not exceed his authority ; because it would be a contradiction in terms to say that an officer had a legal right to take illegal fees, and that he had, by a legal act within the scope of his authority, subjected himself to a legal remedy on the part of the debtor.

If, then, the principle by which this case is to be decided, regards only the protection of the debtor in his equitable rights ; if the object be only to do complete justice to all parties, why is not this extent good ? Here he has received nothing but his legal right, which he might have enforced in another mode, if there had been property. If the debtor has paid only his debt, the officer has received no illegal fees.

But we have received no interest, as the judgment is unsatisfied in part, and therefore the question cannot arise here, how far the proceedings are affected by an extent for interest.

We contend that if our title does fail to three fortieths of the south half, that will not affect our title to three fortieths of the

north half. The rule, as stated in *Litchfield* vs. *Cudworth,* 15 *Pick.* 23, is that a good levy on a larger estate than the debtor has, will operate upon all he owns. The point there decided was, that an extent upon the wife's land during the husband's life, although the return does not show what the right of the husband is, will pass all his interest, from whatever source derived. In the *Mechanicks' Bank* vs. *Williams,* 17 *Pick.* 440, an extent on land as the debtor's in fee, when he was only tenant by the curtesy initiate, was held to vest in the creditor a freehold for the life of the husband. And it is a familiar doctrine that an extent on mortgaged land, as the unincumbered estate of the mortgagor, passes the equity of redemption. *Kelly* vs. *Burnham,* 9 *N. H. Rep.* 22.

But even if the extent be invalid as against the debtor, or against his creditors, yet this defendant has no right to take the exception. He has not even a color of title. He sets up an adverse possession, but he does not make out even that on which to found an excuse for his interference. Where every thing appears correct on the return, or is implied in what is stated, there is a statutory title against the debtor, and, *a fortiori,* against a mere stranger. The creditor gets all the title the debtor had. *N. H. Laws* 101, (*Ed. of* 1830.) The title as against the debtor is at most only voidable. There are cases where the debtor might except, but a stranger could not. *Buck* vs. *Hardy,* 6 *Greenl.* 162. Where the legal forms are observed, an extent is voidable only at the election of those whose rights are injuriously affected. *Varnum* vs. *Abbot,* 12 *Mass.* 476 ; 6 *Shepley* 230 ; *Mechanicks' Bank* vs. *Williams,* 17 *Pick.* 441 ; *Cutting* vs. *Rockwood,* 2 *Pick.* 443. And if these proceedings are not absolutely void, the petitioner has a seizin and possession against the defendant, who is a mere stranger. *Langdon* vs. *Potter,* 3 *Mass.* 215.

GILCHRIST, J. The counsel for the plaintiff has made an ingenious and sensible argument, for the purpose of proving that an extent ought not to be held good, although it is made to satisfy illegal fees taxed upon the execution, and yet considered void

because the land is set off for the purpose of paying interest upon the judgment. It is said that in either case the land is taken to satisfy a claim exceeding the amount of the judgment and the fees upon the levy of the execution. The reason why an extent is not held to be void, where the sheriff taxes illegal fees, is given in *Burnham* vs. *Aiken*, 6 *N. H. Rep.* 323. It is there said, that for the offence of taking any greater fee than is allowed by the statute, the sheriff forfeits the sum of $30.00; that after the debtor has redeemed the land he may maintain assumpsit against the sheriff, to recover any excess he may have paid beyond the legal fees, and that therefore it does not seem to be necessary to hold the extent void, and leave the innocent creditor to seek his remedy by an action against the officer. In *Odiorne* vs. *Mason*, 9 *N. H. Rep.* 30, it was held that illegal fees do not in any case render an extent void. It was said that they had been so common, that holding extents void for that reason would render titles depending on them very uncertain.

It has been held that payment of interest upon a judgment cannot be coerced by an execution. *Hodgdon* vs. *Hodgdon*, 2 *N. H. Rep.* 171. It is an abuse of the process of the court to make use of the execution to enforce the payment of interest accruing since the judgment. *Kent*, C. J., *Watson* vs. *Fuller*, 6 *Johns.* 284. In the case of *Creuze* vs. *Hunter*, 2 *Ves.* 162, Ld. *Loughborough* said: " upon a judgment at law, no interest subsequent to the judgment can be recovered. You may bring a fresh action upon it, as a new cause of suit, but you cannot levy for it, nor charge the land under the *elegit* with the intermediate interest from the date of the judgment."

Now it is unnecessary to determine whether the reasons given for the distinction made between the cases of illegal fees and of interest, be sound or not. It is well settled that property can be taken only to satisfy the amount of the execution and the legal fees thereon, and that the payment of interest upon a judgment cannot be coerced by an execution. This is conclusive. The distinction is now well understood, and there is no reason that occurs to us why the decisions should be overruled, and our opinion, therefore, is, that the extent is invalid, because the land is taken to satisfy the interest.

It appears, from an examination of the extent in this case, that the amount of the debt, cost and interest was $243.23. The extent was made upon one tract of land by metes and bounds, and upon three fortieths of another tract. It is understood that the debtor did not own the first tract, and that he owned only three fortieths of half of the other tract, instead of three fortieths of the whole. The first tract was appraised at the sum of $125.00, and three fortieths of the other tract were appraised at the sum of $118.23, making the sum of $243.23, in the whole. Now it is contended, that inasmuch as the debtor did not own the whole of the land levied upon, which was appraised at exactly the amount of the debt, cost and interest, the plaintiff has not received any part of the interest, and so the levy is not void. If he had owned all the land, so that the execution was wholly satisfied, it is admitted that the fact that the interest was included might vitiate the proceedings, or that at least a question might be raised. But now it is said the plaintiff has not received even his debt, much less has he received any interest.

The statute provides that the debtor may, within a year from the return day of the execution, pay or tender to the creditor the sum at which the lands have been valued. *N. H. Laws* 101, (*Ed. of* 1830.) As three fortieths of the tract were appraised at $118.23, three fortieths of half the tract, then, would be appraised at $59.12. Perhaps a tender of this sum, if there had been no defect in the proceedings, might have been sufficient, although three fortieths of the whole tract were set off. But still the whole title would be affected by the interest. The land is set off as well to satisfy the interest as the debt. The debtor could not redeem without tendering at least $59.12, and this sum is made up both of interest and of debt.

As to the right of the defendant to except to the proceedings under the levy, the case of *Wellington* vs. *Gale*, 13 *Mass.* 483, is in point. There, the tenant was a mere disseizor, but it was held, that as the title of the demandant was wholly under the statute, if he did not prove his title he had no right to disturb the tenant in his possession.

It is unnecessary to examine the other questions presented by the case.                          *Verdict set aside.*