## BROWN *v.* MANTER.

The object of the acknowledgment of a deed is to procure its enrolment; and, as between the parties to the deed, the acknowledgment adds nothing to its validity. Against the grantor and his heirs, and also against a stranger, the original instrument may be introduced in evidence without acknowledgment.

The object of the enrolment of a deed is to give public notice of the sale and transfer of the property. So far as the parties are concerned, or those who have notice of the existence of the deed, the enrolment is not essential to its validity.

The gist of the action of trespass *quare clausum* is the disturbance of the possession. If the close is illegally entered, a cause of action at once arises. Whatever is done after the breaking and entering, is but aggravation of damages.

Where A brought an action of trespass against B, for breaking and entering his close, and cutting and carrying away certain pine timber; and the evidence tended to show that the timber was not cut on the plaintiff's land, but was drawn across it. *Held*, that the action could be maintained even if the cutting were not upon the plaintiff's land.

TRESPASS, for breaking and entering the plaintiff's close, par-

ticularly described in the writ, situated in Auburn, and cutting down and carrying away twelve of the plaintiff's trees there growing, and five cords of the plaintiff's wood; and other wrongs, &c.

Plea, the general issue.

It was admitted upon the trial, that the defendant cut down, upon the land described in the plaintiff's writ, seven pine trees of the value of two dollars and twenty cents each, and drew them away.

In support of his title the plaintiff offered in evidence a deed from Benjamin Pierce and Samuel Pierce to Nathaniel Brown, dated September 27, 1777. This deed did not appear to have been acknowledged, or the execution of it proved, but it appeared to have been recorded February 10th, 1847. The defendant objected to its admission, solely on the ground that it had not been acknowledged, but the Court admitted it, subject to that exception.

It appeared that the plaintiff claimed the westerly part of the land described in his writ, by virtue of this deed; being a different title from that under which he claimed the residue. The precise location of the land conveyed by that deed being uncertain, it was a question for the jury whether the trees were cut on that part or not; but there was no doubt that the defendant drew the same trees across a part of the land described in that deed; and the plaintiff contended, that if the jury found that the trees were not cut on his land, still he was entitled to recover some damages for the trespass in drawing them across his land.

The defendant requested the Court to instruct the jury that if the plaintiff did not own the land where the trees stood he could not recover, that being the place where the only injury alleged was done. But the Court declined to give such instruction, and the defendant excepted.

The jury found a verdict for the plaintiff for nine dollars damages, and the defendant moved to set it aside by reason of said exceptions. And the questions arising upon said motion were reserved and assigned to this Court for determination.

*Porter*, with whom was *French*, for the defendant.

The deed from Benjamin Pierce and Samuel Pierce to Nathaniel Brown, not having been acknowledged or proved in manner prescribed by the statute, is incompetent evidence to prove title in the plaintiff. The defendant was neither the grantor nor his heir. Rev. Stat. chap. 130 § 4 ; *Montgomery* v. *Dorion*, 6 N. H. Rep. 250 ; *Odiorne* v. *Mason*, 9 N. H. Rep. 24 ; *Blood* v. *Blood*, 23 Pick. Rep. 80 ; Coke Lit. 18 ; 2 Black. Com. 241.

*Pillsbury*, for the plaintiff.

I. The deed of Benjamin and Samuel Pierce to Nathaniel Brown being executed with the formalities prescribed by the statute, was properly admitted in evidence, though not acknowledged. *Montgomery* v. *Dorion*, 6 N. H. Rep. 250 ; *Odiorne* v. *Mason*, 9 N. H. Rep. 24 ; *Wark* v. *Willard*, 13 N. H. Rep. 389 ; *Pond* v. *Wetherbee*, 4 Pick. 312 ; 11 Pick. 193.

The defendant cannot except to the deed for want of acknowledgment, inasmuch as he does not appear to derive title from the grantors B. & S. Pierce, either as a creditor or a subsequent purchaser. 6 N. H. Rep. 250 ; 9 N. H. Rep. 24.

Moreover, if the defendant did in fact derive title from those same grantors, the deed would still be admissible as a link in the plaintiff's chain of evidence, and the effect of it would depend on the fact whether or not the plaintiff afterwards proved affirmatively, that the defendant had prior actual or presumptive notice of the deed. Because, if he had such notice, the deed would be good against him without acknowledgment or record. *Marshall* v. *Fiske*, 6 Mass. Rep. 30 ; 13 N. H. Rep. 398 ; 13 Pick. 464.

II. The Court properly declined to give the instruction requested by the defendant. In trespass *quare clausum fregit*, the gist of the action is the violation of the plaintiff's possession. *Wendell* v. *Johnson*, 8 N. H. Rep. 220 ; *Ferrin* v. *Symonds*, 11 N. H. Rep. 363.

In such case proof merely of a breach of the close is sufficient to sustain the action. 2 Saunders, 74.

In actions of tort if special damages are alleged, but there is sufficient cause of action without them, the plaintiff is entitled to

Brown *v.* Manter.

recover, although he fail to prove the special damages. *Cook* v. *Field*, 3 Esp. Rep. 133.

III. No new exception to the admission of the deed, not raised at the trial, can now be raised. *Lisbon* v. *Bow*, 10 N. H. Rep. 167 ; 12 N. H. Rep. 396 ; 12 Law Rep. 595.

EASTMAN, J. The exception taken to the deed from the Pierces to Brown cannot prevail. The object of the enrolment of a deed is to give public notice to all, of the sale and transfer of the property conveyed. So far as the parties are concerned or those who have notice of the existence of the deed, the enrolment is not essential to its validity. The statute of enrolments was enacted for the benefit of subsequent purchasers and creditors, and not for the benefit of wrong-doers or strangers. But an attachment or purchase, made with the knowledge of the existence of a prior unrecorded deed, secures no rights against the holder of such deed. Such is the general doctrine, and the authorities to the point are numerous. *Jackson* v. *Burgott*, 10 Johns. Rep. 457 ; *Jackson* v. *Page*, 4 Wendell, 585 ; *Jackson* v. *Leek*, 19 Wendell, 339 ; *Connecticut* v. *Bradish*, 14 Mass. 300 ; *Adams* v. *Cuddy*, 13 Pick. Rep. 460 ; *Bush* v. *Golden*, 17 Conn. Rep. 594 ; *Butler* v. *Stevens*, 26 Maine Rep. 484 ; *Corliss* v. *Corliss*, 8 Vermont Rep. 373 ; *Garwood* v. *Garwood*, 4 Halsted, (N. J.) Rep. 193 ; *Ohio Life Ins. Co.* v. *Ledyard*, 8 Alabama Rep. 866 ; *Irvin* v. *Smith*, 17 Ohio Rep. 226 ; *McFall* v. *Sherrard*, 1 Harper, (S. C.) Rep. 295 ; *Boling* v. *Ewing*, 9 Dana, (Ken.) Rep. 76 ; *Currie* v. *Donald*, 2 Wash. (Virg.) Rep. 58 ; *Montgomery* v. *Dorion*, 6 N. H. Rep. 250 ; *Odiorne* v. *Mason*, 9 N. H. Rep. 24.

The acknowledgment of a deed is the evidence upon which the Register acts in making the record ; and the object of the acknowledgment is to procure the enrolment. Until acknowledged it is not a proper matter for record. But, as between the parties to the deed, the acknowledgment adds nothing to its validity. Against the grantor and his heirs, and also against a stranger having knowledge of its existence, the original instrument may be introduced in evidence without acknowledgment. *Wark* v.

*Willard*, 13 N. H. Rep. 389 ; *Odiorne* v. *Mason*, 9 N. H. Rep. 24 ; *Montgomery* v. *Dorion*, 6 N. H. Rep. 250 ; *Dole* v. *Thurlow*, 12 Met. Rep. 157 ; *Blood* v. *Blood*, 23 Pick. 80 ; *Marshall* v. *Fiske*, 6 Mass. Rep. 30 ; *Doe* v. *Reed*, 2 Scam. (Ill.) Rep. 371 ; *Strong* v. *Smith*, 3 McLean, (Ind.) Rep. 362.

Upon the facts presented in this case, the ruling of the Court in admitting the deed in evidence was correct.

Neither can the exception be sustained which was taken to the ruling of the Court, declining to instruct the jury, that if the plaintiff did not own the land where the trees stood, he could not recover.

The gist of the action of trespass is the disturbance of the possession. If the close is illegally entered, a cause of action at once arises. Whatever is done after the breaking and entering is but aggravation of damages. *Taylor* v. *Cole*, 3 Term. Rep. 292 ; *Van Lenven* v. *Like*, 1 Comstock's Rep. 515 ; *Smith* v. *Ingram*, 7 Iredell Rep. 175 ; *Dobbs* v. *Gallidge*, 4 Dev. & Batt. Rep. 68 ; *Wendell* v. *Johnson*, 8 N. H. Rep. 222 ; *Ferrin* v. *Simonds*, 11 N. H. Rep. 263. Trespass lies for every unlawful intrusion, though only the grass be trodden down. 1 Dev. & Batt. Rep. 371. And in trespass for breaking the plaintiff's close and cutting down his trees, if the plaintiff fail to prove the cutting of his trees, he may still recover for the breach of his close. *Mundell* v. *Perry*, 2 Gill & Johns. Rep. 193 ; *Curtis* v. *Groat*, 6 Johns. Rep. 168.

If the defendant had any right to cross the land he should have pleaded it, or made it appear in some legal way.

*Judgment on the verdict.*