BURNHAM v. PLANT.  { March 21, 1876.

*Amendment.*

A declaration in trespass for breaking and entering the plaintiff's close, and carrying away wood and timber, may be amended by adding a count in trespass *de bonis* for taking and carrying away the same wood and timber.

FROM GRAFTON CIRCUIT COURT.

TRESPASS, *quare clausum*, for breaking and entering lot No. 7, in Range 5, in Littleton, and carrrying away wood and timber, &c. The plaintiff asked leave to amend by filing a new count in trespass *de bonis*, for taking and carrying away the wood and timber described in the original declaration.

Amendment allowed subject to the defendant's exception, and the questions of law arising thereon were transferred to this court by FOSTER, C. J., C. C.

*Bingham & Mitchell*, for the plaintiff.

*G. A. Bingham*, for the defendant.

LADD, J. In his original declaration the plaintiff seeks to recover damages of the defendant for carrying away his wood and timber, and this grievance is there stated with the additional circumstance that the defendant broke and entered his close. By the proposed amendment he seeks to recover for carrying away the same wood and timber, but omits the circumstance of the breaking and entering. I think the amendment comes quite within the statute, and the practice under it in this state, and should be allowed.

CUSHING, C. J. The gist of the action of trespass *quare clausum* is the breaking the plaintiff's close, and the taking the wood and timber is a matter in aggravation of damages; while the gist of the action of trespass *de bonis asportatis* is the taking and carrying away the wood and timber. Substituting the one declaration for the other does not change the cause of action;—but I think the plaintiff cannot declare by his amendment against the defendant for taking and carrying away any other wood and timber than that which he has already declared for as matter of aggravation; and if, under a general declaration, he should undertake to give in evidence the taking and carrying away of other wood and timber,—*i. e.*, wood and timber not on lot No. 7,—I think the evidence must be rejected.

It is clear that the plaintiff cannot, under cover of an amendment in general terms, introduce into his writ a new and different cause of action.

The original declaration and amendment are made part of the case; but they have not been printed, and neither has been furnished to the court. It is easy to understand how a general count for taking and carrying away wood and timber might just as well apply to such things taken from any other lot as well as from lot No. 7. But the plaintiff cannot, under cover of an amendment in general terms, go for any other wood and timber than that mentioned, by way of aggravation of damages in his original declaration.

SMITH, J. In trespass *qu. cl.* the gist of the action is the disturbance of the possession. If the entry is illegal, a cause of action at once arises. After the breaking and entering, whatever else is done is only in aggravation of damages. *Brown* v. *Manter*, 22 N. H. 468. So if the plaintiff alleges a breaking and entering and cutting down his trees, and fails to prove the cutting, he may still recover for the unlawful entry. *Ib.* And if the entry is justified, the action fails. *Anderson* v. *Nesmith*, 7 N. H. 167; *Great Falls Co.* v. *Worster*, 15 N. H. 416. A count in trespass *de bonis asportatis* may be joined with a count in trespass *qu. cl. fr.*, or the plaintiff may allege the breaking and entering and the carrying away in the same count as he has done in this case.

The plaintiff has alleged a breaking and entering of his premises, and the carrying away of his wood and timber. He might, instead, have declared (1) that the defendant broke and entered his close; and (2), in a separate count, that he took and carried away his wood and timber. He now asks for leave to amend by adding a count for the taking and carrying away, from the same *locus*, of the same wood and timber described in the original count. No reason occurs to me why this may not be done. If it was proposed to add a count for the taking and carrying away of other wood and timber, from another lot, a different question would be presented. But it appears that the new count relates to the same matter that could be given in evidence in aggravation of the damages under the original count; and, although the gist of the action is the breaking and entering, yet the identity of the cause of action appears to be sufficiently preserved. In *Cahill* v. *Terrio*, 55 N. H. 571, we decided that in trespass for assault and battery the declaration might be amended so as to include an allegation of false imprisonment, upon the ground that it did not introduce a new cause of action, but merely introduced an additional particular of the injuries originally complained of. This amendment is not open to the objection of introducing a new cause of action, or of being inconsistent with the cause as originally set out. It is in fact a part of the original grievance complained of, set out independently of another part of the same grievance. The amendment should be allowed.

*Exceptions overruled.*