## FOGG *v*. HOSKINS.

An amendment containing new counts may be allowed if the form of action is not changed, and the court can see that the identity of the cause of action is preserved.

ASSUMPSIT. (See *Fogg* v. *Hoskins*, 57 N. H. 484.) Subject to the plaintiff's exception, the court overruled a motion to amend the declaration by adding four counts, alleging in the first the contract of March 26, 1872, and a breach by the defendant; in the second, the payment of $901 by the plaintiff to the defendant, in consideration of which the defendant promised to pay the Leach mortgage, but failed to do so; in the third, the contract of December 29, 1871, and the contract of March 26, 1872, and in consideration that the plaintiff would deliver up the two $500 notes to the defendant, he promised to pay the Leach mortgage, and endorse the balance on his note against the plaintiff, but failed to pay said mortgage, and it has been foreclosed; and in the fourth, that the plaintiff, December 29, 1871, sold the equity of redemption in the farm to the defendant for $1592, for which he took the defendant's notes, and a mortgage of said equity to secure the same, and he promised to pay the Leach mortgage, but failed to do so, and it has been foreclosed, and the plaintiff's security lost.

*Bingham & Mitchell*, for the plaintiff.

*Murray*, for the defendant.

BINGHAM, J. The plaintiff claimed to recover under the original counts the $901 secured by the Leach mortgage. If the court can see that the identity of the cause of action is preserved in the new counts, they may be allowed. It is clear that the identity is preserved in the first three, and they are allowed.

If the purpose of the fourth count is to enable the plaintiff to try his right to recover of the defendant the $1599, it would be a different cause of action, and the count was properly disallowed. But we understand that the purpose of it is to enable the plaintiff to recover the damage done to his security for the $1599 by the defendant's failure to cancel the Leach mortgage, as the plaintiff alleges the defendant agreed to do. If such is its purpose, the legitimate damage cannot exceed the sum for which the plaintiff could have redeemed the Leach mortgage, and thus made his, securing the $1599, a first mortgage. The sum due on the Leach mortgage was the matter in issue under the original pleadings. This count also should have been allowed. *Gilman* v. *Cate*, 56 N. H. 166; *Burnham* v. *Plant*, 57 N. H. 41; *Cahill* v. *Terrio*, 55 N. H. 571; *Clay* v. *Bohonon*, 54 N. H. 474; *Stearns* v. *Wright*, 50 N. H. 293.

*Exceptions sustained.*

STANLEY and ALLEN, JJ., did not sit.