## G. KIMBALL *versus* E. BLAISDELL.

A conveyed a tract of land to B, and afterwards he conveyed the same tract to C, with warranty against all persons claiming by, through or under A. B afterwards reconveyed the land to A, and D, a creditor of A, extended his execution upon the land, as the land of A—it was held, that the reconveyance to A, enured to the benefit of C, and that D was estopped by the warranty to claim the land against C.

THIS was a writ of entry and was submitted to the decision of the court upon the foregoing facts.

One John Brown, being seized of the demanded premises, on the 4th May, 1827, conveyed the same to Gordon Burley, who afterwards gave Brown a bond to reconvey the land upon the payment $200.

On the 21st November, 1828, Brown conveyed the same premises to the demandant, with warranty against the claims of all persons claiming by, from, or under him the said Brown.

On the 29th April, 1829, the demandant having the bond given by Burley, as aforesaid, paid Burley $225, and took a deed of the land in the name of Brown. The demandant never had possession of the land.

After the 29th April, 1829, the tenant having notice of all the deeds above mentioned, and of the said bond, caused an execution, which he had obtained against Brown, to be extended upon the demanded premises. The tenant had no notice that the money paid to Burley was paid by the demandant.

*Blaisdell*, pro se.

*Kimball* and *J. Parker*, for the demandant—

To show that the warranty in this case operated as an estoppel against the title attempted to be set up by the tenant, it being a warranty against that title, cited Co. Litt. 265, a ; 14 Johns. 194 ; *McCracken* v. *Wright* ; 1 Cowen, 616 ; 9 Cowen, 18, *Jackson* v. *Winslow* ; 3 Pick. 52, *Somes* v. *Skinner.*

RICHARDSON, C. J. delivered the opinion of the court.

John Brown had nothing in the land, when he conveyed to the demandant, and it is clear, that the demandant cannot recover in this action, unless he can avail himself of the title, which Brown subsequently acquired.

If the tenant had been apprised of the fact, that the money paid to Burley was the money of the demandant, and paid on his account, before he extended his execution upon the land, it would be a fraud in him now to claim the land against the demandant. The resulting trust would have constituted a good title to the land as against this tenant. 3 N. H. Rep. 170, *Scoby* v. *Blanchard* ; 4 ditto, 397, *Pritchard* v. *Brown.*

But it does not appear, that the tenant had notice of the trust in any way, and the demandant cannot recover on the ground that there was a resulting trust, of which the tenant had notice.

The only ground, on which the demandant can now

recover the land, is, that John Brown, and those claiming under him, are estopped by his deed to the demandant, to claim the land against the demandant.

We shall, in the first place, consider, whether John Brown himself is estopped by that deed to claim the land ?

There are cases, in which an estoppel binds the land, and creates an estate and interest in it. If A convey lands to which he has no title, to B, with warranty, any title which A may subsequently acquire, will enure to the benefit of B, and A cannot claim the land against his deed. 16 Johns. 110, *Jackson* v. *Stevens* ; 13 ditto, 316, *Same* v. *Same* ; 1 Johns. Cases, 81, *Jackson* v. *Bull* ; Plowden, 434 ; 9 Cranch, 53 ; Co. Litt. 47, b, and 265, a ; 3 Pick. 52, *Somes* v. *Skinner* ; 12 Johns. 201, *Jackson* v. *Murray* ; 2 D. & E. 171 ; Com. Dig. " Estoppel," E. 10 ; 1 Starkie's Ev. 301 ; 5 Greenl. 227, *Allen* v. *Sayward.*

But it is otherwise, where one conveys by mere release, land to which he has no title. In that case, a title subsequently acquired by him will not enure to the benefit of him to whom he released. 1 Cowen, 613, *Jackson* v. *Hubble* ; 14 Johns. 193, *Jackson* v. *Wright.*

In this case, the warranty of Brown was not general, but limited to any title to be derived from, by, or under him. But we are of opinion, that this warranty, under the circumstances of this case, has the same effect to create an estoppel, that it would have had, had it been a general warranty, and that if this suit had been against Brown, he would have been estopped to set up any title under the conveyance made by Burley to him.

The next question is, whether this tenant is estopped to set up that title ?

The general rule is, that all privies in blood, privies in estate, and privies in law, are bound by an estoppel. 1 Starkie's Ev. 305 ; 4 Peter's S. C. R. 84—88 ; 2 B. & A. 242, *Helps* v. *Hereford* ; 3 D. & E. 371 ; 4 Coke, 53.

This tenant has the estate of Brown, if any thing,

and there is nothing stated in this case, to take it out of the operation of the general rule, and we are of opinion that the the tenant is estopped to set up any title under Brown, and that there must be

*Judgment for the demandant.*