# E. PAGE *vs.* J. FOSTER.

WHERE a conveyance of land is made upon condition that it shall be void upon the payment of a sum of money by the grantor, if the conveyance is in fact made to secure the payment of a debt, for which the grantee has a remedy against the person of the debtor, the conveyance is to be deemed a mortgage. But where the conveyance is not intended as a security, it must be deemed a conditional sale.

The title to real estate may be settled by arbitration.

P and F submitted to arbitrators all demands between them. At the hearing, F objected to a particular demand made by P, that it ought not to be taken into consideration by the arbitrators, and it was not examined by them. It was *held* that after this, F was precluded from saying that such demand was within the submission.

Money paid by a mortgagee to discharge a prior mortgage is a charge upon the land, and must be repaid by the mortgager, when he comes to redeem.

THIS was a writ of entry, brought to recover a farm in Jaffrey, in which the demandant counted upon his own seizin in fee and in mortgage, and upon a disseizin by the tenant.

The cause was tried at April term, 1835, upon the general issue, and a verdict taken for the demandant subject to the opinion of the court upon the following case :

On the 12th January, 1828, the tenant by deed conveyed the demanded premises to the demandant in fee. The deed, however, contained a proviso, that if the tenant paid to the demandant $1000 in four years from the first day of April, 1828, the conveyance should be void.

No note was given by the tenant to the demandant for the $1000 mentioned in the deed; but the demandant held certain promissory notes made by the tenant, and payable to himself; and the tenant wanted more money; and the conveyance was made as security for the money then due to the demandant, and for other money which it was expected he would advance to the tenant.

It further appeared, that on the 4th November, 1825, the tenant had by deed conveyed the demanded premises to

Edward Spaulding, in fee and in mortgage, to secure the payment of a note made at the same time for $700.

On the 7th July, 1834, the demandant paid to Spaulding the amount due on the note given him as aforesaid; and Spaulding delivered to the demandant the note and the mortgage deed. The note was not negotiable, and no other assignment was made by Spaulding either of the note or of the mortgage.

After this, on the same 7th July, 1834, the demandant and tenant entered into a rule of reference before a justice of the peace, submitting all demands between them to arbitrators, —the award to be returned to the next court of common pleas.

At a hearing before the arbitrators on the 21st August, 1834, the demandant laid before them the mortgage and note given by the tenant to Spaulding, as above stated; but, the tenant objecting, the arbitrators did not take the note and mortgage into consideration.

The arbitrators made an award in favor of the demandant for $529 25 damages, and $28 83 costs, upon which judgment was rendered at October term, 1834.

The case was well argued by *Chamberlain* on the part of the demandant, and *Hale* on the part of the tenant.

GREEN, J., delivered the opinion of the court.

It is insisted on the part of the tenant, that the deed, by virtue of which the demandant claims to recover the farm in this case, is not a mortgage; and that, as the demandant has counted upon a mortgage, the deed is not admissible in evidence upon his count. We shall in the first place consider the nature of that conveyance.

The deed given by the tenant to the demandant must be considered as a mortgage, or as a conditional sale; and the question is, which of these it is to be considered?

The answer to this question depends upon this;—whether

the conveyance was intended as a security for the repayment of money, or as an actual sale upon condition?

If it was intended as a security, it is a mortgage. But to constitute a mortgage there must be a debt, for which the mortgagee had a remedy against the person of the debtor. It is not necessary, however, that this should appear on the face of the deed, but it may be shown by extrinsick evidence. The leaning of courts has always been against considering a conveyance a conditional sale; and where there has been any doubt, it has generally been viewed as a mortgage. But when it clearly appears, that a conveyance like this was not intended as a security, it must be considered as a conditional sale.

The distinction between a mortgage and a conditional sale is fully illustrated and explained in the following cases. 4 *N. H. R.* 130, *Porter* vs. *Nelson;* 4 *Pickering,* 349, *Rice* vs. *Rice;* 7 *Cranch,* 218, *Conway's executors* vs. *Alexander;* 5 *Binney,* 499, *Wharf* vs. *Howell;* 12 *Vesey,* 232—234; 2 *Johnson's C. R.* 182, *Dey* vs. *Dunham;* 2 *Cowen,* 324, *Clark* vs. *Henry;* 2 *Fonblanque,* 261.

Such being the rule of law on the subject, the question we are now considering is easily settled. It is true, that when the deed in this case was made, the $1000 mentioned in the condition was not all due from the tenant to the demandant. But the demandant held the tenant's notes, which were intended to be secured; and it is not even pretended that the conveyance was made for any other purpose than to secure the payment of what was then due and of what might be afterwards advanced to the tenant. The conveyance is then clearly a mortgage, and it is unnecessary to consider, whether, if it had been otherwise, the deed was admissible in evidence upon the demandant's count.

It is also said that the submission and award between the parties is a bar to this action.

It is not to be doubted, that the title to real estate may be settled by arbitration. 3 *Taunton,* 426, *Prosser* vs. *Go-*

*ringe;* 2 *Caine's R.* 319, *Munro* vs. *Alaine; Willes,* 248; 9 *Cowen,* 43, *Jackson* vs. *Delong;* 7 *Cranch,* 171, *Davy's Executors* vs. *Faw.*

The boundaries between the adjoining lands of individuals may be settled conclusively by arbitration. 6 *N. H. R.* 177, *Carey* vs. *Wilcox;* 5 *Cowen,* 383, *Jackson* vs. *Gager;* 15 *John.* 197, *Selick* vs. *Addams;* 6 *Pickering,* 148, *Jones* vs. *The Boston Mill Corporation.*

When a real action is submitted to arbitration under a rule of court, and a judgment rendered upon the report of the arbitrators, the judgment is conclusive between the parties. 6 *N. H. R.* 180.

And in cases where the award transfers no title, a party may be estopped by his agreement to submit the matter to arbitration from disputing the title. 2 *Cowen,* 638, *Cox* vs. *Jagger;* 15 *Johnson,* 497, *Shepherd* vs. *Ryers;* 15 *East,* 15, *Doe* vs. *Rosser.*

Where a release of real estate has been awarded, a court of equity may compel a specific performance of the award. 4 *Pickering,* 507, *Jones* vs. *The Boston Mill Corporation.*

But in the case now before us, the title to this land was not submitted to the arbitrators. The demandant was seized of the land in fee and in mortgage. The tenant it is presumed remained in possession, with the assent of the demandant, as is customary when land is mortgaged and his possession was the possession of the demandant. It does not appear, that there was any controversy with regard to the validity of the mortgage, or any demand on either side with respect to it to be submitted, except the demands it was intended to secure, which were without doubt submitted. But the mortgage is not at all affected by the circumstance, that those demands have passed into judgment. It is a common practice to sue the note secured by a mortgage and obtain a judgment, but no body ever supposed such a judgment discharged the mortgage. 9 *Mass. R.* 242, *Davis* vs. *Maynard;* 3 *Mason,* 423.

The demandant is entitled to judgment in this case as upon a mortgage ; and the only remaining question is, what sum is to be paid by the tenant in order to redeem the land ?

The statute provides, that after condition broken, the land may be redeemed by the mortgager by the payment of all debts, demands and sums of money secured by such mortgage, and all damages and costs sustained and incurred by reason of the non-performance of the conditions of the same. It is not disputed that the sum found by the arbitrators to be due to the demandant was intended to be secured by the mortgage ; of course, that sum, with the costs of arbitration, is a charge upon the land.

The demandant claims also the amount paid to Spaulding to redeem the land. Is he precluded by the submission and award from having that amount now allowed him?

It is unnecessary to determine, whether, if the money paid to Spaulding was within the submission, the plaintiff is bound by the award, although the matter was not taken into consideration by the arbitrators. On that question there seems to have been some diversity of opinion. 2 *N. H. R.* 26, *Whittemore* vs. *Whittemore ;* 6 *D. & E.* 607, *Seddon* vs. *Tutop ;* 9 *Mass. R.* 320, *Hodges* vs. *Hodges ;* 12 *John.* 311, *Wheeler* vs. *Houten ;* 5 *Mass. R.* 334, *Webster* vs. *Lee ;* 4 *D. & E.*, 146, *Ravee* vs. *Farmer ;* 15 *East*, 213, *Smith* vs. *Johuson ;* 9 *B. & C.* 780, *Dunn* vs. *Murray ;* 5 *Greenleaf*, 192, *Bixby* vs. *Whitney.* Because we are of opinion that the tenant by insisting before the arbitrators that this claim ought not to be considered by them, and thus procuring it to be rejected there, is precluded now from saying that it was within the submission.

It is settled, that a mortgagee is entitled to be allowed for all necessary repairs and for expenses in supporting the title. 1 *John. C. R.* 385, *Moore* vs. *Cable ; Powell on Mortgages*, 249—250 ; 10 *Pickering*, 400 ; 2 *ditto*, 507 ; 4 *Johnson C. R.* 370, *The Silver Lake Bank* vs. *North.*

The amount paid to Spaulding was paid for the preservation of the estate of the mortgager, and is in our opinion clearly a charge upon the land.