## FOSS *v.* STRACHN.

The grantor of the premises demanded in a writ of entry, is estopped at
law and in equity, by the covenants of his deed, from setting up a right
of homestead therein, as against the grantee, his heirs and assigns.

The inchoate right of homestead, before the same has been set out and
assigned, is not such an estate in the land wherein it exists as will bar a
writ of entry therefor by the general owner.

WRIT OF ENTRY, wherein the plaintiff, Isaac Foss, as
mortgagee, demanded against the defendant, as mortgagor,
a certain tract of land, situated in Strafford, in this county,
containing forty square rods of land, with the buildings
thereon situate, particularly described in his writ. The
demandant counted upon his seizin of the demanded
premises and upon the disseizin of the tenant within
twenty years last past. The mortgage declared on was
dated and executed April 26, 1852.

At the last term, the defendant filed, in this action, the
following plea:—"And the said William Strachn comes
and defends, &c., when, &c., and prays judgment, if the
plaintiff his action aforesaid thereof against him ought
to have and maintain, because, he says, that the land and
buildings demanded in this action were, at the time of the
execution of said mortgage, and ever since have been,
and still are, the family homestead of said defendant; that
said mortgage was given to secure the payment of a note
of the same date of said mortgage; that said note was not
given for the purchase money of said premises; that at
the time said mortgage was executed the wife of said de-
fendant was not living; that at that time he had two
minor children, Emma Jane Strachn and John William
Strachn, who, at the time of the execution of said mortgage,
occupied said premises, ever since have, and still do occupy
the same; that said Emma Jane and said John William are
still minors, under the age of twenty-one years; and that

the consent of the judge of probate for the county of Strafford was not and is not indorsed on said mortgage deed, and this he is ready to verify. Wherefore he prays judgment, if the said plaintiff his action aforesaid thereof against him ought to have and maintain, and for his costs."

To this plea the plaintiff demurred, and the defendant joined in demurrer. The Court adjudged the plea insufficient, sustaining the demurrer; to which ruling the defendant excepted.

*George C. Peavey,* for the defendant.

*C. W. Woodman,* for the plaintiff.

FOWLER, J.* The demurrer was properly sustained by the court below. Although the right of homestead was not extinguished by the deed of the defendant (*Gunnison* v. *Twichel,* 38 N. H. 62), the defendant is estopped by his deed from claiming any thing in the demanded premises.

A party who has executed a deed, is thereby estopped from denying not only the deed itself, but every fact it recites and every covenant it contains. The defendant, by his deed, among other things, covenanted that he had good right and lawful authority to convey the demanded premises to the plaintiff; he is, therefore, estopped to deny his title to those premises, as well as his grant thereof to the plaintiff. *Stow* v. *Wyse,* 7 Conn. 214; *Wilkinson* v. *Scott,* 17 Mass. 249, 257; *Kimball* v. *Blaisdell,* 5 N. H. 533; *Thorndike* v. *Norris,* 24 N. H. 454; *Wark* v. *Willard,* 13 N. H. 389; *Brown* v. *Manter,* 21 N. H. 528; *Jewell* v. *Porter,* 31 N. H. 34; *Johnson* v. *Goss,* decided in Merrimack Adjourned Term, August, 1859, but not reported. The grantor, in a deed with general warranty acknowledging a consideration paid, is estopped thereby from showing a want of title in himself. *Eveleth* v. *Crouch,* 15 Mass. 307.

*Doe, J., did not sit.

A mortgagor is estopped from denying that he had title at the time of executing the same; nor can he set up title in a stranger. *Barber* v. *Harris*, 15 Wend. 615. In a court of law or equity, a party can not controvert the legal effect of his deed of record, and a grantor is estopped to deny the title of his grantee. *Pennel* v. *Weyant*, 2 Harr. 501; *Currier* v. *Earl*, 1 Shep. 216; *White* v. *Patten*, 24 Pick. 324; *Blake* v. *Tucker*, 12 Vt. 39.

But aside from the estoppel of the defendant by his own deed of the demanded premises, the right in the land which his plea sets up as existing in his minor children, and which is personal to them, even if pleaded by them, would be no bar to a writ of entry. The right of homestead, before the same has been set out and assigned, is not such an estate in land—such a subsisting legal title or interest—as will bar a writ of entry, but only an inchoate right, personal to the parties in whom it exists, and whose existence is no legal bar to such an action. Its existence in a particular individual gives him no controlling title to the land, as against the general owner, any more than the existence of a possible right of dower in a wife before the death of her husband gives her such title. *Gunnison* v. *Twichel*, 38 N. H. 62; *Goss* v. *Johnson*, Merrimack Adjourned Term, 1859, not reported.

If, then, the defendant were not estopped by his deed to set up title to the demanded premises in third persons, the existence of such a homestead right as is set forth in the plea, even if it could be made in any way available to minor children in the lifetime of their father, notwithstanding his conveyance of the premises with covenants of warranty, would constitute no bar to the maintenance of the plaintiff's action, since it would give them no valid title in those premises. *Dunbar* v. *Mitchell*, 12 Mass. 373.

The exceptions taken to the ruling of the court sustaining the demurrer, must, therefore, be overruled, and there must be judgment for the plaintiff on the demurrer.

*Exceptions overruled.*