Hillsborough,
No. 5081.

PEARL DOWD *v.* JOSEPH A. GAGNON & a.

Argued October 2, 1962.

Decided December 28, 1962.

*Broderick & Loughlin* (*Mr. Martin F. Loughlin* orally), for the plaintiff.

*Armand Capistran, guardian ad litem,* pro se, furnished no brief.

*Harrison E. Smith,* Chairman, Title Standards Committee of New Hampshire Bar Association (by brief), pro se, as *amicus curiae.*

WHEELER, J. The plaintiff acquired this real estate from the city of Manchester by quitclaim deed dated February 19, 1962. The city obtained its title by tax collector's deed dated September 14, 1951. The defendant, Joseph A. Gagnon, became the owner of the premises by quitclaim deed dated April 11, 1930.

As a basis for the relief sought, plaintiff's petition alleges "that the Tax Collector of the City of Manchester may not have complied with all of the statutory formalities required by law in disposing of said premises of the petitionee and further grounds is the inherent difficulty in deeding title on a tax sale deed in the absence of a petition to quiet title." It is alleged further that the defendant and his heirs have no valid interest in the premises and plaintiff prays that she be declared the owner in fee simple free from any claim of the defendant or of anyone claiming under him.

Armand Capistran, Esq. was appointed by the Trial Court "guardian ad litem for all unknown heirs of the defendant, all minors and other incompetents, if any, and attorney for any person in U. S. Military Service." He reported that his diligent and careful search failed to disclose any heirs, executors and assigns of the defendant.

The Trial Court denied plaintiff's petition on the grounds that no actual defect was alleged, no controversy existed and the petition does not fall within the provisions of RSA 80:47 since the plaintiff is not a holder of a tax collector's deed.

It has long been the law in this state that the power and authority of a tax collector to sell land for unpaid taxes is exclusively statutory. *Rivard* v. *Ross,* 99 N. H. 299, 302. If the collector has complied with the requirements of the statutes necessary to the exercise of his power to sell the land of a delinquent taxpayer, his deed conveys a valid title to these premises. *Palmer* v. *Coulombe,* 95 N. H. 266.

However a claimant whose title is derived under such a deed must show affirmatively that all the prerequisites of the statutes authorizing the sale and conveyance have been strictly complied with. "Trace it ever so far, and through ever so many hands, whoever sets up a tax title must show that he has complied with all the requirements of the statute." *Cahoon* v. *Coe*, 57 N. H. 556, 570; *Eastman* v. *Thayer*, 60 N. H. 408, 413; *Rivard* v. *Ross, supra*. As a result of this requirement here and in other jurisdictions "no document of purported legal dignity has been treated more ignominiously . . . than the tax-sale deed." Note, 62 Harv. L. Rev. 93. "It is undeniably true that the legal profession has generally concluded that titles derived through tax sales are untrustworthy." 29 N. D. L. Rev. 225; Note, 9 Syracuse L. Rev. 69, 81; 4 American Law of Property, s. 18.67. "The tax deed becomes a mere clog on merchantability." Simes & Taylor, Improvement of Conveyancing by Legislation (1960), *p.* 175.

Land today is principally a mercantile commodity and saleability a primary incident of ownership. 68 Yale L. J. 1245. What is needed therefore is a proceeding available to an interest holder in land in which adverse claims can be marshaled, examined and settled by a court whose decree once rendered is the conclusive determinant of title. *Id.*, 1277. Jurisdiction to grant relief by way of quieting title or removal of a cloud from a title is inherent in a court which exercises equity powers. *Reynolds* v. *Chase*, 87 N. H. 227, 229; *Tucker* v. *Kenniston*, 47 N. H. 267, 270; 4 Pomeroy's Equity Jurisprudence (5th *ed.*) ss. 1396, 1398. In this jurisdiction the equity power to quiet title has been amplified by statutes such as RSA 80:47 and RSA 498:3, 5.

Under RSA 80:47, the relief sought by the plaintiff might have been granted to her grantor upon its petition as "holder of a tax collector's deed." Holders of such deeds, as well as prospective purchasers from them, would do well to consider the desirability of such proceedings before conveyance is made.

RSA 498:3 provides that "Any person in possession of real property claiming an estate in freehold, or an unexpired term of not less than ten years, may maintain a bill in equity against a person who makes a claim adverse to his estate, whether such adverse claim is based upon a record, a written instrument or otherwise, to determine the question of title as between the parties, and the court's decree thereon shall be conclusive."

Section 5 of the same chapter provides that "when the validity of a tax sale is contested, on notice to all parties in interest, such orders shall be made and final judgment rendered as justice requires."

Such remedial acts should not be restricted by a narrow interpretation of their scope (*Faulkner* v. *Keene,* 85 N. H. 147, 154; 68 Yale L. J. 1245, 1270) although they cannot be construed to authorize a court to pass on hypothetical questions as to title. *Harvey* v. *Harvey,* 73 N. H. 106, 108. However if a cloud on title does exist a plaintiff may take the initiative and need not wait for proceedings to be instituted against her or until her possession is disturbed by overt act. *Perham* v. *Fibre Co.,* 64 N. H. 2; *Faulkner* v. *Keene, supra,* 151; 4 Pomeroy's Equity Jurisprudence (5th *ed.*) *s.* 1397, *p.* 1026.

A cloud on a title has been defined as "something which constitutes an apparent encumbrance upon it, or an apparent defect in it." *Eastman* v. *Thayer,* 60 N. H. 408, 414. Plaintiff's petition alleges that because her chain of title contains a tax collector's deed there is an inherent difficulty in deeding title to her property. This is not an allegation of a mere apprehension of a cloud. *Cf. Gilman* v. *Gilman,* 171 Mass. 46, 47. See Annot. 78 A.L.R. 24, 44. On the contrary it is a statement that the potential claims of a previous owner of the property, the defendant, whose title was involuntarily taken from him by a tax sale, prevent the plaintiff from making full use or an advantageous disposal of her property thus limiting her title materially. *Faulkner* v. *Keene,* 85 N. H. 147, 152.

We are of the opinion that plaintiff's petition viewed in the light most favorable to her (*Langdon* v. *Sibley,* 100 N. H. 373, 375) can properly be interpreted as alleging that she is "in possession of real property claiming an estate of freehold." Also that because her title is derived through a tax collector's deed resulting from a tax sale of defendant's property, he and anyone claiming under him are by that very fact making "a claim adverse to [her] estate." This results from the necessity imposed upon her of establishing her title by evidence not shown in the recorded conveyances of due compliance with certain statutory provisions governing the sale of a delinquent taxpayer's real estate. RSA 498:3; *Eastman* v. *Thayer, supra,* 414; *Glynn* v. *Maxfield,* 75 N. H. 482; *Bull* v. *Gowing,* 85 N. H. 483; *Rivard* v. *Ross,* 99 N. H. 299, 302; see *Nashua Hospital* v. *Gage,* 85 N. H.

335, 336. Plaintiff can therefore maintain her bill in equity against the defendants named therein and if adequate notice and an opportunity to be heard has been given to all interested parties "the court's decree thereon shall be conclusive." RSA 498:3; *Faulkner* v. *Keene,* 85 N. H. 147, 151; RSA 514:14; RSA 462:1; see 50 U.S.C.A. App., *s.* 520.

To what extent the provisions of RSA 80:39 may be utilized in this case has not been argued before us and has therefore not been considered in arriving at our decision. See Simes & Taylor, Improvement of Conveyancing by Legislation (1960) Titles 4 and 7.

*Exception sustained.*

KENISON, C. J., did not sit; the others concurred.