Belknap
No. 80-208

ALBERT AUCLAIR

v.

JOHN H. BANCROFT

May 11, 1981

*Richard P. Brouillard*, of Laconia, by brief for the plaintiff.

*Haughey & Philpot*, of Laconia (*Thomas M. Haughey* on the brief), by brief for the defendant.

BROCK, J.   This is an action in assumpsit based upon a written contract requiring the defendant, John H. Bancroft, to indemnify the plaintiff, Albert Auclair, for any damages WEMJ Realty, Inc., recovered against the plaintiff based upon a lease between him and WEMJ Realty, Inc. After a trial, the Superior Court (*Batchelder*, J.) entered a verdict in favor of the plaintiff in the amount of $7,000. The defendant timely filed a notice of appeal in this court. We affirm.

On March 5, 1972, the plaintiff leased office space from WEMJ Broadcasting, Inc. Under the terms of the lease, the plaintiff could sublet the premises but he would remain liable to WEMJ Broadcasting, Inc.

On June 2, 1972, the plaintiff sold the assets of his business to the defendant and Adeline DeCastro. As part of the sales agreement, the defendant and DeCastro agreed to "assume the obligations of a certain lease between WEMJ Realty, Inc., and [the plaintiff]." Eventually, the payment of the rent due on the lease fell into arrears, and WEMJ Realty, Inc., brought suit against the plaintiff and obtained a default judgment for $6,800.27. WEMJ Realty, Inc., then attached certain real estate belonging to the plaintiff. WEMJ Realty, Inc., released the attachment upon the plaintiff's tendering payment of $7,000, and the plaintiff then brought this action against the defendant to recover the $7,000.

The defendant first argues that the lease obligations he agreed to assume were those in the lease between the plaintiff and WEMJ Realty, Inc., not WEMJ Broadcasting, Inc. He therefore concludes that, because there was no evidence below of a lease between WEMJ Realty, Inc., and the plaintiff, this present action must fall. Based upon the record before us, we disagree.

██ In the contract between the parties, the name of WEMJ Realty, Inc., was a handwritten addition. It is apparent from the record that, when this term was added to the contract, the parties intended it to refer to the lease now at issue, the one between WEMJ Broadcasting, Inc., and the plaintiff. The defendant testified that he did make some payments on this lease by checks payable to WEMJ Broadcasting, Inc., and that, at the time he signed the contract, there was no doubt in his mind as to what lease the contract referred to when it stated "WEMJ Realty, Inc." In determining the parties' intention, the court may properly consider their actions after the contract was executed. *Spectrum Enterprises, Inc. v. The Helm Corp.*, 114 N.H. 773, 776, 329 A.2d 144, 147 (1974). The defendant's overt act of making payments on the lease to WEMJ Broadcasting, Inc., is ample evidence that he intended to assume the obligations of the lease now at issue. *See id.* at 776, 329 A.2d at 147.

The defendant took over the office space previously leased to the plaintiff by WEMJ Broadcasting, Inc., and it is clear from the circumstances surrounding the making of the contract that the parties' intention was that the defendant would assume the plaintiff's obligations. No other lease existed, and the defendant's own testimony shows that he understood that he was to assume this specific lease on that particular office space. He cannot now take advantage of this obvious mistake in the transcription of the contract.

██ The defendant argues strenuously, however, that his motion for nonsuit came at the close of the plaintiff's case and before the defendant testified as to his understanding of what lease was referred to in the contract. He therefore argues that his motion should have been granted at that time. On a motion for nonsuit, however, the court is required to view the evidence in the light most favorable to the plaintiff, *Bonin v. Howard*, 115 N.H. 86, 88, 333 A.2d 450, 451 (1975), and draw all the reasonable inferences therefrom that support the plaintiff's case. *Plume v. Couillard*, 104 N.H. 267, 268, 184 A.2d 452, 453 (1962). The plaintiff did introduce a copy of a Belknap County Superior Court judgment

entered in favor of WEMJ Realty, Inc., and against the plaintiff here. A sufficient inference arises from this document to enable the trial court to deny the defendant's motion for nonsuit.

■ The defendant's next argument is that he assumed the lease obligation jointly with Adeline DeCastro and that it was therefore error for the trial court to deny his motion to require the plaintiff to join Adeline DeCastro and cause her to appear in this action. The plaintiff testified, however, that the whereabouts of Adeline DeCastro were unknown, that she owned no property in New Hampshire, and that he last talked to her two years ago. The trial court then found that the plaintiff had "sufficiently demonstrated that the presence of Adeline DeCastro is unknown and is beyond the jurisdiction of the Court." The defendant offered no evidence to establish the whereabouts of Adeline DeCastro. Because her whereabouts were unknown and it was established that she did not have a New Hampshire residence or address, it was not error for the court to continue with the proceedings without joining her. *Olcott v. Little*, 9 N.H. 259, 262 (1838).

■ The defendant's last argument is that he did not receive adequate notice of the WEMJ Realty, Inc., action against the plaintiff and that, therefore, he should not be required to indemnify the plaintiff for the default judgment entered in that case. The trial court found, however, that the defendant did receive adequate notice of that action. Indeed, the plaintiff testified that he repeatedly called the defendant concerning this matter and that the defendant assured the plaintiff that he would take care of the rental payments. The defendant never did so, and he chose not to defend in that action. "If the indemnitor declines . . . [to defend after receiving notice of the suit against the indemnitee], then indemnitee will only be required to show potential liability to the original plaintiff in order to support his claim over against the indemnitor." *Morrissette v. Sears, Roebuck & Co.*, 114 N.H. 384, 389, 322 A.2d 7, 10 (1974). Because that potential liability was proven, the order is

*Affirmed.*

All concurred.