Hillsborough
No. 82-490

## ROBERT R. WHITE, EXECUTOR, & a.

v.

## FRED H. FORD, JR.

February 3, 1984

*Edward W. Richards*, of Nashua, by brief for the plaintiffs.

*Arthur O. Gormley, Jr.*, of Nashua, by brief for the defendant.

PER CURIAM. This action to quiet title presents two questions: first, whether a quitclaim deed of specifically described property is effective, by virtue of the doctrine of estoppel by deed, to convey after-acquired title; and second, whether the quitclaim deed was security for a debt. The Master (*James D. O'Neill*, Esq.) answered both questions in the affirmative, and the Superior Court (*Flynn*, J.) approved his report. We affirm and remand for further findings consistent with this opinion.

The plaintiff Robert R. White is executor under the will of John E. Ford, who died February 6, 1978. Fred H. Ford, Jr., the defendant, is a nephew of the deceased. By deed dated March 30, 1962, the deceased purported to convey to the defendant by specific description, with quitclaim covenants, approximately ten acres of land in the town of Hudson. At that time, title to the land was held by the town under a tax collector's deed.

At the time of the quitclaim conveyance to the defendant, there was an outstanding mortgage on the property running to a third party, which was assigned to the defendant as part of the same transaction. There is evidence which indicates that, shortly before the deed was executed, the defendant had lent the deceased $1,000 to pay back taxes. There is further evidence indicating that the defendant had lent the decedent money over a period of years. There is a notation on the mortgage instrument that the mortgage note was paid in full by the deceased on January 9, 1963.

On May 3, 1963, the deceased purchased the property from the town. Until his death, the deceased lived there and personally paid whatever taxes were paid on the property, with an undetermined amount of the money being furnished by the defendant.

■ The deed complies in its form with the statutory requirements for a quitclaim deed, RSA 477:28, and accordingly has the "force and effect of a deed in fee simple" containing covenants:

> "that at the time of the delivery of such deed the premises were free from all incumbrances made by the grantor, except as stated, and that he [the grantor] will, and his heirs, executors and administrators shall, warrant and defend the same to the grantee and his heirs, successors and assigns forever against the lawful claims and demands of all persons claiming by, through or under the grantor, but against none other."

*Id.* The statute's effective date (July 31, 1951) predates the execution and delivery of this deed, and, therefore, governs its provisions.

In the presence of such covenants, the court agrees that the decedent's after-acquired title passed to the defendant pursuant to the doctrine of estoppel by deed. *Fletcher v. Chamberlin,* 61 N.H. 438, 446 (1881); *Kimball v. Blaisdell,* 5 N.H. 533 (1837).

Having ruled that title passed to the defendant, the master ruled further that the decedent's quitclaim deed was given to the defendant as security for a debt. A deed absolute on its face may be proven by parol evidence to have been intended by the parties to operate as security for a debt. *Page v. Foster,* 7 N.H. 392, 394 (1835); *see generally* 9 THOMPSON ON REAL PROPERTY § 4733. The intentions of the parties at the time of the conveyance are determinative, *see Commercial Union Assurance Co. v. Brown Co.,* 120 N.H. 620, 623, 419 A.2d 1111, 1113 (1980), but those intentions may be inferred from the situation of the parties and their actions after the contract was executed. *Auclair v. Bancroft,* 121 N.H. 393, 395, 430 A.2d 169, 171 (1981); *Summit Elec., Inc. v. Pepin Bros. Const. Inc.,* 121 N.H. 203, 206, 427 A.2d 505, 507 (1981). Where, as here, the trial court must look to extrinsic evidence to deduce the intentions of the parties, we will adopt the trial court's interpretation of the contract if supported by sufficient evidence. *See Baker v. McCarthy,* 122 N.H. 171, 175, 443 A.2d 138, 140 (1982); *Austin v. Ellis,* 119 N.H. 741, 742, 408 A.2d 784, 784 (1979).

Our review of the record compels us to conclude that the evidence does support the finding that the deed was given to the defendant as security for a debt. Factors pointing to this conclusion include the impecunious state of the decedent at the time of the transfer, his close relationship to the defendant and the inadequacy of the consideration, as well as the fact that the decedent was permitted to remain in possession of the real estate without accounting for rent. *See Matter of Hemphil,* 18 B.R. 38 (Bnkr. Iowa 1982).

The true intention of the parties to the transfer having been found by the master, the quitclaim deed should be deemed a mortgage, *ab initio,* running from the decedent to the defendant, with the decedent having an equitable right of redemption. The master also found that the debt for which the deed originally acted as security was extinguished when the mortgage assigned to the defendant was paid and discharged as noted on the mortgage by notation dated January 9, 1963. Again, the evidence supports this finding, and therefore, the granting of the petition to quiet title is affirmed.

The master, however, indicated that the defendant viewed the deed as being security for money lent to the decedent over the course of several years. The master went on to state: "No ruling is made nor intended on the defendant's rights to enforce a claim for any amount owed to him by the estate on the security interest established."

It was by virtue of the superior court's equitable powers that the petition to quiet title was granted. *Dowd v. Gagnon*, 104 N.H. 360, 362, 187 A.2d 63, 65 (1962); RSA 498:5-a. For the plaintiff to invoke the court's equitable power to quiet title, he must also act equitably. *Langevin v. Hillsborough County*, 114 N.H. 317, 320 A.2d 635 (1974); *Fowler v. Taylor*, 97 N.H. 294, 297, 86 A.2d 325, 326 (1952); *see also, Gosselin v. Archibald*, 121 N.H. 1016, 1020, 437 A.2d 302, 306 (1981) ("An equitable remedy should be imposed in situations involving real estate, absent evidence that the remedy is impossible or inequitable"). Consequently, as a condition precedent to the superior court's granting the petition to quiet title, the court may require the plaintiff to satisfy any claims made by the defendant against the estate that are properly proven by him to the satisfaction of the court.

*Affirmed and remanded.*

SOUTER, J., did not sit.