# United States Court of Appeals
## For the First Circuit

No. 14-1381

ADEL A. FADILI,

Plaintiff, Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as trustee for LONG BEACH MORTGAGE LOAN TRUST, 2006-5,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Stahl and Kayatta, Circuit Judges.

Stephen T. Martin and Martin & Hipple, PLLC, on brief for appellant.
Peter G. Callaghan, Preti Flaherty Beliveau & Pachios PLLP, Robert E. Murphy, Jr., and Wadleigh, Starr & Peters, P.L.L.C., on brief for appellee.

December 1, 2014

**STAHL, Circuit Judge**.  Plaintiff Adel Fadili seeks to halt foreclosure proceedings on a vacant lot on the shores of Lake Winnipesaukee, claiming that he holds title to the property. Defendant Deutsche Bank asserts that Adel's daughter held title to the property, at least until she defaulted on her mortgage payments to the bank.  On cross-motions for summary judgment, the district court ruled in the bank's favor.  We affirm.

## I.  Facts & Background

By 1984, Adel Fadili, a Massachusetts resident, owned two non-contiguous lots in Alton, New Hampshire.  One property, located at 132 Roger Street,[1] fronts Lake Winnipesaukee and has various improvements, including a house (the "House Lot").  The other property is located further down Roger Street, but does not have a street address or any improvements (the "Vacant Lot").  Both lots are bisected by Roger Street, which used to be known as Mount Major Park Road.

In December of 2001, Adel[2] entered into a purchase and sale agreement with his son, Amir, to sell property "located at Mount Major Road."  While father and son intended to convey the House Lot, both the warranty deed and Amir's mortgage contained a legal description of the Vacant Lot.  The warranty deed did not

_____

[1] Various documents in the record refer to the House Lot's street address as "132 Rogers Road" or a variant thereof.

[2] We refer to each family member by his or her first name.

include a street address.  Although there are no buildings on the Vacant Lot, the deed's description of the land references "[a] tract of land . . . with the buildings thereon," before reciting the metes and bounds of the Vacant Lot.

In 2000, the town of Alton recorded a lien on the Vacant Lot for unpaid taxes.  In October 2002, because the taxes still had not been paid, a tax collector conveyed the Vacant Lot to the town by tax collector's deed.  In July 2005, Adel's mortgagee paid off the tax debt, and on August 3, 2005, the town reconveyed the Vacant Lot to Adel by quitclaim deed.

On January 20, 2006, Amir entered into a purchase and sale agreement to convey "land and building situated at 132 Rogers Road, Alton, NH" to his sister, Alia (daughter of Adel).  Though the agreement referenced the House Lot's address, it referred to the deed from Adel to Amir for the property description.  As stated above, that deed described the Vacant Lot, and not the House Lot. Alia's mortgage agreement with Long Beach Mortgage Company, dated April 27, 2006, stated that the property securing the loan was located at 132 Rogers Road, the House Lot's street address, but included a legal description of the Vacant Lot.  The warranty deed from Amir to Alia recites the same legal description of the Vacant Lot found in the deed from Adel to Amir, and does not include a street address.  Alia's mortgage was eventually assigned to Deutsche Bank, the defendant here.

-3-

Meanwhile, Adel filed for Chapter 7 bankruptcy in 2005. The bankruptcy Trustee considered the House Lot to be part of the bankruptcy estate, and in July 2008, filed a notice of intent to sell the House Lot at public auction. Over the objection of both Alia and the servicer of her mortgage loan, the bankruptcy court granted the Trustee's motion to sell the House Lot.[3] Subsequently, the House Lot was sold. Alia stopped making her mortgage payments in August 2008, and Deutsche Bank notified her that it intended to foreclose on the Vacant Lot.

Adel brought suit in state court, styling his complaint as a petition to quiet title on the Vacant Lot (Count I) and for a declaratory judgment that he held a fee simple title to the Vacant Lot (Count II). Deutsche Bank removed the case to federal court on diversity grounds. The district court allowed Adel to amend his complaint and add a petition to invalidate Alia's mortgage agreement with Defendant (Count III). Both parties moved for summary judgment. The district court granted Deutsche Bank's motion and denied Adel's, reasoning that Adel was estopped from

---

[3] While the record does not clarify what happened during Adel's bankruptcy proceedings with respect to the House Lot, it is evident that the bankruptcy court determined that Adel still owned the House Lot because the 2002 deed conveyed the Vacant Lot to Amir. Thus, the House Lot was conveyable by the bankruptcy trustee. From the record we have, it appears that Adel did not appeal the bankruptcy court's order permitting the sale of the House Lot.

claiming title to the Vacant Lot because he had conveyed that property to his son in 2002. This appeal followed.

## II. Analysis

We afford a grant of summary judgment de novo review. Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st Cir. 2013). To succeed on a motion for summary judgment, the moving party must show that there is no genuine dispute as to any material fact, entitling that party to judgment as a matter of law. Fed. R. Civ. P. 56(a). Where the parties file cross-motions for summary judgment, we employ the same standard of review, but view each motion separately, drawing all inferences in favor of the non-moving party. OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Can., 684 F.3d 237, 241 (1st Cir. 2012).

## A. Adel's Motion for Summary Judgment

Adel's motion for summary judgment rests on two arguments: first, that he still holds title to the Vacant Lot pursuant to the quitclaim deed issued to him by the town of Alton in August 2005, and second, that Deutsche Bank's mortgage interest in the Vacant Lot is invalid because Alia was not a bona fide purchaser for value. We address each in turn.

Under New Hampshire law, the party seeking to quiet title bears the burden of establishing his good title to the property against the interests of all others. Porter v. Coco, 910 A.2d 1187, 1191 (N.H. 2006). Counts I and II of Adel's complaint

ollapse into one another for purposes of this analysis.  See id.

("Quiet title petitions essentially seek a declaratory judgment

from the court regarding the parties' land interests.").  Adel

points to the August 2005 quitclaim deed as evidence of his good

title; Deutsche Bank counters that he is estopped from claiming

title pursuant to the deed from the town because Adel conveyed the

property to his son in January 2002 by warranty deed.

New Hampshire recognizes the doctrine of estoppel by

deed, which prevents a party from denying representations made in

a valid deed.  See Hilco Prop. Servs., Inc. v. United States, 929

F. Supp. 526, 545 (D.N.H. 1996) ("[A] party who has executed a

deed, is thereby estopped from denying not only the deed itself,

but every fact it recites and every covenant it contains

. . . . [including] his grant thereof to the [grantee].") (citing

Foss v. Strachn, 42 N.H. 40 (1860)).  Even if an individual does

not possess clear title at the time he grants the deed, he is

estopped from denying the grant of the deed once his title is

perfected.  White v. Ford, 471 A.2d 1176, 1178 (N.H. 1984); Kimball

v. Blaisdell, 5 N.H. 533, 535 (1831) ("If A convey[s] lands to

which he has no title, to B, with warranty, any title which A may

subsequently acquire, will enure to the benefit of B, and A cannot

claim the land against his deed.").

The parties are in agreement that Adel's deed to Amir

described the Vacant Lot, on which the town then held a lien due to

unpaid taxes. Thus, when Adel deeded the property to Amir in 2002, he did not hold complete title to the Vacant Lot. Deutsche Bank argues that the title issue was cured when the taxes were paid off by Adel's mortgagee and the town deeded the Vacant Lot back to Adel in 2005. As the district court correctly noted, the Supreme Court of New Hampshire's opinion in White v. Ford supports Deutsche Bank's argument. In White, an uncle conveyed property to his nephew by quitclaim deed while the property was held by the town under a tax collector's deed. Id. at 1177. Some evidence indicated that the nephew loaned the uncle money to pay the taxes owed to the town, and the uncle continued to live on the property until he died. Id. The Supreme Court of New Hampshire held that the uncle's "after-acquired title" passed to the nephew based on the doctrine of estoppel by deed. Id. at 1178. Similarly, any deficiencies in Adel's title passed to Amir when Adel's mortgagee paid the taxes owed to the town of Alton in 2005, making fully valid his conveyance of the Vacant Lot to Amir in January 2002. Thus, as of August 3, 2005, it was Amir rather than his father who held title to the Vacant Lot, and thus Adel cannot meet his burden to establish his good title to the Vacant Lot. The district court rightly denied his motion for summary judgment as to Counts I and II.

In support of his motion for summary judgment on Count III, his petition to invalidate Deutsche Bank's mortgage on the

Vacant Lot, Adel asserts that Alia could not grant Long Beach Mortgage Company a mortgage on the Vacant Lot because she held no interest in the Vacant Lot. Adel argues that Alia cannot claim title to the Vacant Lot because the town's quitclaim deed to him in 2005 defeats her purchase from Amir in 2006. According to Adel's reasoning, because the quitclaim conveyance from the town to him was recorded, a proper title search would have put Alia and her mortgagee on notice of Adel's interest in the vacant lot. See Thomas v. Finger, 743 A.2d 1283, 1285 (N.H. 1999) ("A bona fide purchaser for value is one who acquires title to property for value, in good faith, and *without notice of competing claims or interests* in the property.") (emphasis added) (internal quotation marks omitted); see also C F Invs., Inc. v. Option One Mortg. Corp., 42 A.3d 847, 849-50 (N.H. 2012) (explaining that bona fide purchasers must lack "actual, record, or inquiry" notice of another party's prior interest in the property). To the contrary, if Alia had conducted a proper title search in the Vacant Lot at the time of her purchase, she would have found both the 2005 quitclaim deed and the 2002 warranty deed from Adel to Amir, by which Adel divested himself of any interest in the Vacant Lot. Since Adel holds no interest in the Vacant Lot, and is not a party to Alia's mortgage agreement with Deutsche Bank, the district court properly denied his motion for summary judgment on Count III.

**B. Deutsche Bank's Motion for Summary Judgment**

In our review of Deutsche Bank's motion for summary judgment, we draw all inferences in favor of Adel, the non-moving party, Alicea v. Machete Music, 744 F.3d 773, 778 (1st Cir. 2014), but because Adel bears the burden of proof in his quiet title action, he "must offer 'definite, competent evidence to rebut the motion.'" Cahoon v. Shelton, 647 F.3d 18, 27 n.6 (1st Cir. 2011) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)). This he is not able to do. As the district court concluded, and as discussed above, the doctrine of estoppel by deed forecloses Adel's argument that he holds title to the Vacant Lot and merits summary judgment in Deutsche Bank's favor on Counts I and II of his complaint. Because Adel cannot establish his valid title to the Vacant Lot, he has no basis to contest either Alia's title to the property or her mortgage agreement with Deutsche Bank, warranting a grant of summary judgment to Deutsche Bank as to Count III.[4]

---

[4] Contrary to Adel's argument, parol evidence as to his and Amir's intent in the transaction would not change the outcome here. It is undisputed that Adel intended to sell, and Amir (and then later, Alia) intended to buy, the House Lot. As far as the record shows, neither Adel nor Amir brought an action in equity to reform the 2002 deed by parol evidence, and thus the plain language of the deed trumps whatever intentions they might have had. See Bell v. Morse, 6 N.H. 205, 209 (1833) ("[W]here a particular tract of land is granted, by a deed, in clear and express terms, the grantor . . . [is] estopped to say that the land, thus described in the deed, was inserted by mistake, and that another tract, and not that, was intended to be granted."). The House Lot already has been sold as a result of Adel's bankruptcy proceedings, and thus an

### III. Conclusion

For the foregoing reasons, we <u>affirm</u> the decision of the district court.  Costs to appellee.

---

action in equity would not be possible at this late stage.  In any event, Adel failed to ask the district court to reform the deed.