**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0021, <u>In the Matter of Sylvie Campeau and Normand Campeau</u>, the court on January 17, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Normand Campeau (husband) appeals an order of the Circuit Court (<u>Carbon</u>, J.) enforcing a final decree by a Florida court in his divorce from the petitioner, Sylvie Campeau (wife).

In this case, the wife registered the Florida decree in New Hampshire. <u>See</u> RSA 524-A:2 (2007). The Florida court found that it had "personal jurisdiction over the parties to dissolve the marriage and subject matter jurisdiction in this cause." It found that "[t]he Husband is the title owner of the real property located at 869 Page Street, Manchester New Hampshire" (the property) and ordered the husband to "transfer his interest in [that] real property" to the wife. The Florida court found that, although the wife needed $3,500 per month in alimony, the husband had the ability to pay $2,000 per month and ordered him to do so. The Florida court found that the husband was $36,000 in arrears on alimony and ordered him to pay an additional $400 per month until the arrearage was satisfied. The Florida court awarded the wife $23,925.70 in attorney's fees and costs, noting that "[t]he Husband's failure to provide discovery, his failure to participate in the proceedings, and his failure to abide by court orders have directly resulted in the Wife incurring substantial attorney's fees and costs," and finding that he had the ability to pay this amount. Neither party appealed the Florida decree.

The husband objected to the registration of the Florida decree. Following a hearing, at which the husband challenged the Florida court's jurisdiction and the New Hampshire trial court's subject matter jurisdiction, the trial court granted the wife's petition to register the divorce. Neither party appealed. <u>See</u> RSA 546-B:46 (Supp. 2016) (providing "[c]onfirmation of a registered support order . . . precludes further contest of the order with respect to any matter that could have been asserted at the time of registration").

The wife then moved to enforce the Florida decree and for contempt. Following a hearing, the trial court ordered the husband to: (1) execute in the wife's favor "a quitclaim deed for whatever interest Husband may have in [the property] that may still exist," which the wife could record; and (2) pay the wife

the alimony accrued since the issuance of the Florida final decree and the costs and attorney's fees awarded to her in that decree within 30 days.

The husband contends that the trial court erred by: (1) enforcing the Florida decree because the Florida Court and the trial court lacked jurisdiction to order him to convey the property to the wife; (2) ordering him to quitclaim to the wife "whatever interest [he] may have in" the property; and (3) ordering him to pay the back alimony and attorney's fees.

Once registered in New Hampshire, a foreign decree "has the same effect and is subject to the same procedures, defenses and proceedings . . . as a judgment of a . . . court of this state and may be enforced or satisfied in like manner." RSA 524-A:2. New Hampshire courts "shall recognize and enforce, but may not modify, a registered support order if the issuing tribunal had jurisdiction." RSA 546-B:41, III (Supp. 2016). A "support order" includes an order of monetary support for a former spouse. RSA 546-B:1, XXVIII (Supp. 2016). If the foreign court had jurisdiction, the Full Faith and Credit Clause of the Federal Constitution precludes any inquiry into the merits of the cause of action or the validity of the legal principles upon which the judgment is based. Brito v. Ryan, 151 N.H. 635, 639 (2005). Even incorrect determinations of law may not be collaterally attacked in another state if they could not be so challenged in the state of decision. In re Estate of Rubert, 139 N.H. 273, 275 (1994).

We first address whether the Florida court and the trial court had jurisdiction. The determination of jurisdiction is a question of law, subject to de novo review. Cf. Fed. Home Loan Mortg. Corp. v. Willette, 168 N.H. 512, 514 (2016) (addressing circuit court jurisdiction to issue writ of possession). The husband argues that the property is owned by two limited liability companies (LLCs), in each of which he is a 50 percent owner; the other half of each LLC, according to the husband, is owned by an unrelated third party. The trial court did not make any such finding.

To the extent that the husband argues that "the Florida court had no jurisdiction over the LLCs" or the third party, the Florida decree does not order the LLCs or the third party to do anything. To the extent that the husband argues that the LLCs were not listed as marital assets, the Florida decree does not divide the LLCs. To the extent that he argues that "the Florida Court did not have jurisdiction to order [him] to transfer" the property to the wife, we note that the Florida decree does not order him to transfer the property, but to transfer only his interest in it. To the extent that he argues that the Florida court and the trial court lacked "jurisdiction to disregard or invalidate a third party's claim of interest in marital property," In the Matter of Muller & Muller, 164 N.H. 512, 519 (2013), neither court's order altered the interest of any third party. The Florida decree applies only to the husband, and he does not challenge the Florida court's jurisdiction over him. Accordingly, we conclude that the Florida court and the

trial court had jurisdiction to order the husband to transfer whatever interest <u>he</u> had in the property to the wife.

We next address whether the trial court erred by ordering the husband to quitclaim to the wife "whatever interest [he] may have" in the property. To the extent that the husband argues that the property is not "marital property" for the purposes of RSA 458:16-a, I (2004), that statute defines marital property to include "all tangible and intangible property and assets, real or personal, belonging to either or both parties," encompassing any interest he had in the property. Moreover, we note that the trial court merely effectuated the Florida decree; Florida law governed the original division of marital property.

The husband argues that "uncontested evidence presented during the May 22, 2015 hearing showed that" the property had been consolidated with adjacent parcels and, as a result, "was not a separate parcel." We note that the record before us does not include a transcript of that hearing. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (stating that appellant has burden to provide record sufficient to decide his issues on appeal). The husband further argues that the LLCs hold title to the consolidated parcel that includes the property and that awarding the property to the wife would require subdivision. However, the trial court merely ordered the husband to quitclaim "whatever interest [<u>he</u>] may have in [the property] that may still exist." Contrary to the husband's argument, the trial court did not order him to "act as a member of" the LLCs.

The husband argues that "[t]he quitclaim deed would create a cloud on the title of the real estate owned by the LLC[s]" and negatively affect his partner's interest in them. Even assuming that a transcript would support this assertion, <u>but</u> <u>see</u> <u>Bean</u>, 151 N.H. at 250, he does not cite, nor are we aware of, any authority that such considerations are controlling. The husband argues that a quitclaim deed would automatically transfer title to the property to the wife if he subsequently acquired title himself. <u>See</u> <u>White v. Ford</u>, 124 N.H. 452, 455 (1984) (stating title acquired by party after it quitclaimed its interest to another passes to that other pursuant to the doctrine of estoppel by deed). We conclude that this result would, in fact, effectuate the Florida court's decree.

Accordingly, we conclude that the trial court did not err when it ordered the husband to quitclaim whatever interest he had in the property to the wife.

Finally, we address whether the trial court erred by ordering the husband to pay the wife attorney's fees and accrued alimony, both of which were awarded by the Florida decree and neither of which the husband contends he has paid. The husband argues that RSA 524:6-a (Supp. 2016) required the trial court to determine his "ability to pay the ordered judgment . . . and set a payment schedule." However, the record does not reflect that the husband requested a

payment schedule.  Cf. Sheedy v. Merrimack Cty. Super. Ct., 128 N.H. 51, 54 (1986) (noting that defendant requested periodic payment schedule).

The Florida court determined that the husband was able to pay the alimony and the attorney's fees and that his failure to do so was willful. Similarly, the New Hampshire trial court found that "he has willfully failed to make payment."  We review its decision for an unsustainable exercise of discretion.  See Quality Carpets v. Carter, 133 N.H. 887, 889 (1991).  The trial court considered the husband's testimony regarding his finances and found that "[h]is testimony and conduct lack credibility."  It noted that the Florida court had divided the parties' marital assets equitably, that the husband had liquidated assets since the divorce, and that he had "transferred corporate ownership to another entity."  The husband testified that he paid none of the proceeds from the assets he had liquidated to the wife.  He argues that the trial court erred in relying upon his transfer of corporate ownership because he received no consideration.  However, the trial court could reasonably have inferred that this was an attempt to conceal assets.

The husband argues that he presented "clear and convincing evidence . . . [that] required the Trial Court to determine that [he] could not pay" the amount ordered.  However, the trial court is not required to believe even uncontroverted evidence.  Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 67 (2012).  Accordingly, we conclude that the trial court did not err in determining that the husband had the ability to pay the amount ordered.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4